## JACK MOORE V. THE STATE.

### No. 1757.  Decided April 19, 1899.

**1.  Accessory—Brother of the Principal.**

Under article 87 of the Penal Code, a brother of the principal offender can not be an accessory to him.

**2.  Same—Where Principal Has Died.**

The only contingency in which the prosecution and conviction of an accessory is authorized, without a trial and conviction in the first instance of his principal, is the escape of the principal.  Penal Code, art. 90.  Where the principal dies before he was tried, the accessory can not thereafter be tried and convicted.  Following State v. McDaniel, 41 Texas, 229.  BROOKS, J., dissenting.

APPEAL from the Criminal District Court of Dallas.  Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction as accessory to murder in the first degree; penalty, imprisonment in the penitentiary for life.

The indictment contained four counts:  1.  Charging appellant, on the 9th day of September, 1895, with the murder of Ad Pate, by shooting him with a pistol.  2.  Charging that the murder was committed by Lou Moore and E. L. Cady.  3.  Charging that prior to the commission of the offense by E. L. Cady and Lou Moore, appellant advised, commanded, and encouraged them to commit the offense.  4.  Charging that appellant, after the murder was committed by E. L. Cady and Lou Moore, did unlawfully conceal and give aid to them that they might evade arrest for said offense.

The conviction was upon the fourth count.

In view of the disposition made of this appeal, it is unnecessary to state the facts attendant upon the homicide.

*W. T. Henry* and *H. S. Crawford,* for appellant.—The court erred in overruling the defendant's motion to quash and set aside the fourth count of the indictment, for the reason that the defendant was indicted as an accessory to the alleged crime of E. L. Cady and Lou Moore, when the said Cady had died prior to the finding of the indictment against the defendant and while under arrest, and the said Lou Moore was a brother of the defendant.

There can be no trial and conviction of the accessory before the conviction and sentence of the principal, except where his principal has escaped, and death is not an escape within the meaning of the Code.

The plea of defendant set forth that defendant was charged as an accessory of Lou Moore and Loran Cady in the murder of Addison Pate; that Lou Moore was the brother of the defendant; that Loran Cady was dead; that he died prior to the indictment of defendant, and died after he had been arrested, and while under arrest for the murder of Addison Pate; that at the time of his death Cady had not been indicted, tried, or convicted for said murder.  The State formally admitted of record in open court all of these facts.  State v. McDaniel, 41 Texas, 229; Kings-

bury v. State, 37 Texas Crim. Rep., 259; Commonwealth v. Phillips, 16 Mass., 423; Stoops v. Commonwealth, 10 Am. Rep., 482; United States v. Burr, 4 Cranch, 489, 503; Holmes v. Commonwealth, 25 Pa. St., 221; Starin v. People, 45 N. Y., 333.

*Robt. A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of being an accessory to murder in the first degree, and his punishment assessed at confinement in the penitentiary for life; hence this appeal.

Appellant assigns a number of errors, but according to the view we take of the case, there is but one assignment that requires notice. The indictment contained a number of counts,—one charging appellant as a principal, one charging him with being an accomplice, and one charging him with being an accessory. He was tried and convicted under the count which charged the murder to have been committed by E. L. Cady and Lou Moore, and which charged him with being an accessory to the murder so committed by said principals; that is, it charged him with knowing that the said Cady and Moore had committed said offense, and that thereafter he willfully concealed and gave other aid to the said Cady and Moore, in order that they might evade an arrest for said offense. Appellant filed a motion in the nature of a motion to quash, and a plea in abatement to said indictment, setting up the following facts, to wit: That Lou Moore was his brother, and that therefore, under the statute, he could not be an accessory as to him; and that E. L. Cady was dead, having died before he was ever tried for this offense, and before the presentation of any indictment against him. The facts set up were admitted by the State to be true, but the plea and motion to quash were overruled by the court, to which appellant excepted, which appears by his first bill of exceptions. By his bill of exceptions number 7 appellant further objected to all testimony in regard to the guilt of said principals, on the grounds as stated in his former bill. This was also overruled by the court. By his bill number 18, appellant asked the following instruction: "You are instructed that, the State having admitted that the defendant Jack Moore is a full brother to Lou Moore, with whom he is charged in the indictment with being an accessory, and that E. L. Cady, the other principal charged in the indictment, died while under arrest upon the charge of murder of Addison Pate, and before the presentation of the indictment against this defendant, and the State having elected to submit this case upon the fourth count of the indictment, charging this defendant with being an accessory to Lou Moore and E. L. Cady in the murder of Addison Pate, you will find the defendant not guilty, and so return your verdict." This was refused by the court, and appellant reserved his bill of exceptions. So it would appear that appelllant has thoroughly and completely saved the question as to his being an accessory under the facts of this case.

Article 89 of the Penal Code provides "that the accomplice may be ar-

rested and tried and punished before the conviction of the principal offender, and the acquittal of the principal shall not bar a prosecution against the accomplice," etc. Article 90 provides "that the accessory may in like manner be tried and punished before the principal, when the latter has escaped; but if the principal is arrested he shall be first tried, and if acquitted, the accessory shall be discharged." Article 87 provides, among other things, that the brother or sister of the principal offender can not be an accessory to him. This last-mentioned article effectually disposes of the prosecution of this defendant as an accessory to his brother, Lou Moore. As to E. L. Cady, the other principal, the record shows that he is dead; that he died after his arrest on this charge, and before any indictment found against him. This identical question came before the Supreme Court of this State, and in State v. McDaniel, 41 Texas, 299, article 90 was construed, and it was there held that the escape of the principal was the only contingency that authorized the prosecution and conviction of an accessory without, in the first instance, the trial and conviction of his principal. We think the reasoning in said case sound, and not only properly construes our statute on the subject, but is in harmony with the common law decisions and the courts of other States. Kingsbury v. State, 37 Texas Crim. Rep., 259; 1 Whart. Crim. Law, secs. 237 to 244, inclusive; Edwards v. State, 80 Ga., 127, 4 S. E. Rep., 268; Ray v. State, 13 Neb., 55, 13 N. W. Rep., 2; Holmes v. Com., 1 Casey, 222; Starin v. People, 45 N. Y., 333.

As stated before, it is not necessary to discuss other questions, for the record discloses a number of errors committed during the trial, as the views above expressed effectually dispose of this case. The judgment is accordingly reversed, and the cause remanded.

*Reversed and remanded.*

BROOKS, J., dissenting.