## FRANK NEWBORN V. THE STATE.

### No. 10234.  Delivered March 16, 1927.

**1.—Failing to Render Aid—Accomplice Testimony—Failure to Charge On— Error.**

Where, on a trial for failing to stop automobile, and render aid after a collision, the witness Smith testified for the state that he was riding in the car with appellant, when the deceased was struck, and to other facts which brought him clearly within the rule as to accomplice witnesses, it was error for the court to fail to instruct the jury that said witness was an accomplice, and on the law of accomplice testimony.

**2.—Same—Evidence—Written Statement—Improperly Admitted.**

Where the witness Day was present and testified upon the trial, it was error to permit the state to introduce in evidence a written statement of said witness, made to the County Attorney. We know of no practice which would allow the state to have a witness write down his testimony and then go upon the witness stand and identify the written document, and permit the state to offer same, as his testimony, when no attack had been made upon said witness, nor any effort made to impeach him. See Chumley v. State, 20 Tex. Crim. App. 547; Stockholm v. State, 24 Tex. Crim. Rep. 598.

Appeal from the District Court of Jefferson County.  Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for failing to stop automobile, and render aid after a collision, penalty one year and one day in the penitentiary.

The opinion states the case.

*Howth, Adams & Hart* and *John T. Kitching* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Jefferson County for failing to stop automobile and render aid, punishment one year and one day in the state penitentiary.

Mr. Miller was struck by an automobile and killed on October 22, 1925.  Witness Day for the state testified that a Ford car containing two people and going about forty miles an hour at Fannett and in front of the store of Mr. Quaid, struck Miller about 7 o'clock p. m., breaking his legs, from the effect of which injury Mr. Miller died that night about 11 o'clock.  Witness could not identify the occupants of the car or tell whether they were white or black.  The car did not stop.  Elmer Smith for

the state swore that he and appellant were in a Ford car on the night in question; that both were drinking; the car was driven by appellant, and in front of Quaid's store in Fannett they struck a man, but did not stop.  They went up the road to a point between Fannett and Cheek and then turned and went back to the town of Winnie, in or near which both of them lived.  The next morning they learned that the man was dead.  That evening they read in a paper an account of his death, and appellant said, "Oh! the devil with that."  Shown a written statement, witness said it was made by him and was true and correct, and contained what he meant and intended should be his testimony now given.  At this point the state, over objection, introduced the written statement, signed by witness, and which was shown later to have been made by him before the Assistant County Attorney.  On cross-examination Smith admitted that he had tried to procure witnesses who would swear that he and appellant were not in Fannett on the night in question, but were in the town of Winnie, some fifteen miles distant from Fannett, and that they did not leave Winnie at all.

There seems no question of the fact that Smith was an accomplice.  All persons who are principals, accomplices or accessories to a given crime who testify against the defendant seem to be universally held accomplices.  Harper v. State, 92 Tex. Crim. Rep. 657.  An accessory is one who, knowing that an offense has been committed, conceals the offender or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence.  In Blakely v. State, 24 Tex. Crim. App. 616, we held that one who gives false testimony in order that the offender may evade prosecution, is an accomplice witness.  In Harrison v. State, 153 S. W. 139, we held that one who, knowing that an offense has been committed, tries to spirit away or hires material witnesses to not appear before the grand jury, is an accessory.  We have no doubt that one who procures false testimony or endeavors to procure same with the purpose of enabling another whom he knows to have committed a crime to evade arrest, prosecution or conviction for such a crime, would be an accessory, and if such person became a witness for the state, he would be an accomplice.

Appellant excepted to the charge of the court for not instructing the jury that Smith was an accomplice, and also presented a special charge asking that the jury be so told, which charge was refused.  In our opinion the learned trial judge fell into error in failing to instruct the jury on the law of accomplice testimony.

We are not favored with a brief by the state in this case other than a confession of error on the part of the State's Attorney with this court based on the proposition that the trial court failed to charge on accomplice testimony. We fail to perceive any legal ground for the admission of the written statement made by Elmer Smith before the Assistant County Attorney. We know of no practice which would allow the state to have a witness write down his testimony and then go upon the witness stand and identify the written document and have the state offer the same as his testimony. We do not believe a fair and orderly conduct of criminal trials, under the rules and practice in this state, contemplates any such procedure. There had been no attack upon Smith and the written statement was not offered for the purpose of bolstering up his testimony, but was offered as his original testimony before there had been any cross-examination of him by the defense. Our Constitution provides that a defendant in a criminal case shall be confronted by the witnesses against him, and we do not believe this demand of the Constitution is satisfied by the production of his testimony in writing where the witness is able to testify, and is present in person, or to offer as a substitute for his oral personal testimony a written statement theretofore made by the witness under some other circumstances. Chumley v. State, 20 Tex. Crim. App. 547; Stockholm v. State, 24 Tex. Crim. Rep. 598.

There are a number of bills of exception complaining of the examination of said witness Elmer Smith by the State's Attorney by questions which are extremely leading and should not have been permitted. We are not in accord with appellant's motion to quash the indictment in this case.

The attention of the state is called to the very slight corroboration of the accomplice Smith in this case. Mr. Day could not identify the two persons who were in the car that struck Miller or either of them. Mr. Day and Elmer Smith were the only two witnesses offered by the state before it rested. Appellant offered many witnesses in making out his case in chief who testified that he was in Winnie that night at the time of the alleged collision and that he did not leave and could not have been in Fannett at the time of the alleged collision. In its rebuttal the state offered a Mr. Pollock, who testified that he saw appellant and Elmer Smith reading a paper in Winnie the evening after Mr. Miller was struck by the car; that appellant threw the paper down and said, "Oh, hell, that is all bull." This does not correspond with the statement attributed to appellant by Elmer Smith at the same time, and seems to have no particular pro-

bative force. The state introduced next a Mr. Thornton, who said he went to Fannett on the night Mr. Miller was killed and saw him lying in the store, and this witness fixes the time at about five minutes after 7 o'clock. The state introduced a Mr. Phelps, who said that he was in the town of Hamshire, Texas, on the afternoon or night Mr. Miller was killed and that he came very near being struck by a car going toward Fannett and traveling at a high rate of speed. He did not attempt to identify anyone in the car. Two Misses Wingate testified that the witness Thornton came after them at Fannett the night Mr. Miller was struck by the car. There had been some statements to the effect that the car in which Smith said he and appellant were driving had but one headlight. The Wingate sisters testified that Thornton's car had both lights burning. The state next introduced Mr. Broun, who testified that he was present when Elmer Smith made the written statement referred to and signed it as a witness. Mr. Davidson testified that he was Assistant County Attorney and wrote down the statement of Smith. He said that appellant was not in the room when Smith made the statement and signed it. We see no reason for admitting the testimony of Broun and Davidson, but it was not objected to. The above is the extent of the state's corroboration of Smith. We are in serious doubt of the sufficience of the corroboration, and the attention of the state is called to this fact in view of another trial.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*