### OTIS COMPTON V. THE STATE.

No. 17879.　Delivered January 22, 1936.
State's Rehearing Denied March 4, 1936.

The opinion states the case.

*Floyd Jones* and *Harrell & Allison*, all of Breckenridge, for appellant.

*Ben J. Dean*, District Attorney, of Breckenridge, *Dayton Moses*, Special Prosecutor, of Fort Worth, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of a cow and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The appellant's main contention is that the accomplices,

who testified for and on behalf of the State, were not sufficiently corroborated to justify and sustain his conviction. The testimony offered by the State shows that Dan Hamilton, who resided three miles east of Moran, lost a cow on the night of January 23, 1935; he missed his cow the next morning and immediately reported the matter to the officers who began an investigation with the view of ascertaining who committed the offense. Brooks, who was a neighbor of Hamilton, testified that he, the appellant, and Gene Kennison butchered the cow and divided the meat; that appellant and Kennison came to his home in the afternoon and suggested that if Brooks would steal a cow, they would return to their homes, secure the necessary knives and tools to butcher the cow; that Brooks agreed to do so, whereupon the appellant and Kennison left for their homes but soon returned with knives and a saw; that during their absence, he, Brooks, went into Hamilton's pasture, drove a cow into his lot where they slaughtered it that night; that one hind quarter and one fore quarter was retained by Brooks while the other meat was placed in the turtle back of appellant's car and taken away by appellant and Kennison. Brooks' wife, and his two daughters, gave similar testimony and in addition thereto testified that the next morning when they learned that the officers were coming to make an investigation of Brooks' premises they loaded the meat into an automobile, carried it about one half mile from the house and hid it in some bushes. After Brooks was arrested he made a written statement to the county attorney, duly verified, in which he said that no other person was connected with him in the commission of the offense charged, thereby exonerating appellant and Kennison. The State sought to corroborate the accomplices by the testimony of one Ed Johnson who testified that he believed that he stayed at appellant's home on the night that Hamilton's cow was stolen and ate breakfast there the next morning; that appellant and Kennison came home about seven or seven thirty and left again about eight o'clock; that appellant's wife took something out of the house and carried it to the car which looked like a saw; that he wouldn't swear it was a saw; that the next morning in passing by appellant's car he noticed a few specks of blood and meat on the trailer hitch, but he would not swear it was blood; that he did not stop to examine it; that it looked like blood to him. On cross-examination he was uncertain just what night he spent at appellant's home; he said that sometimes he was at appellant's home and sometimes at Clayton Whitefield's home; that he

16

could be mistaken about the day on which appellant and Gene Kennison came to appellant's home; that he was not positive about it being blood and meat on the trailer hitch of appellant's car.

The testimony on behalf of appellant shows that on the 23rd of January, 1935, appellant was at Henry Compton's home where they were killing hogs; that they killed three hogs in which the appellant assisted; that they hauled the dead hogs from slaughter pen to the house on the bumper of appellant's car. There was also testimony showing that appellant butchered hogs and cattle practically every week and sold them in the town of Breckenridge. This constitutes, in substance, the entire testimony.

The court instructed the jury that Brooks, his wife, and daughters were accomplices and that they could not convict the appellant on the testimony of the accomplices alone unless they were corroborated by other testimony tending to connect the defendant with the offense charged. The only question presented for our consideration is whether or not the testimony of the accomplices is corroborated by other evidence on a material matter tending to connect the defendant with the offense charged. The evidence offered by the State corroborative of the testimony of the accomplices as herein above related tending to connect the defendant with the theft of a cow is too meager, uncertain, inconclusive, and unsatisfactory to warrant the conviction. We do not feel justified in permitting the conviction to stand on such uncertain corroborating testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State asks for a rehearing upon the grounds, first, that we erred in holding that the testimony was insufficient to measure up to the required corroboration of accomplice witnesses; next, that we erred in agreeing with the trial court's view that the two daughters of one of the principals in the theft, Brooks, were accomplice witnesses; and further the State insists that we should have definitely said whether these two girls were accomplice witnesses as a matter

of law, or whether the fact of their being such should have been submitted to the jury.

We have very carefully gone over the entire testimony. There is no contention but that W. C. Brooks and his wife were accomplice witnesses, Brooks being one of the principal offenders, if not the principal offender in the theft of the cow, and his wife having assisted in a good many ways in the concealment of the offense, if indeed she might not be deemed an active participant therein.

The two Brooks children, one twelve and the other ten years of age, testified for the State, and their testimony clearly reveals full comprehension on their part of the guilt of their father in the stealing of the cow in question, and further shows their efforts to aid him by removing and concealing the meat of the stolen cow. There being no testimony contradictory to the above, we have found ourselves unable to believe that it was the duty of the trial court to submit to the jury the question whether these girls were accomplices.

The testimony of Ed Johnson is self-contradictory, and at most would but support the proposition that he saw some specks of blood and specks of meat on the car of appellant on the night of the alleged theft. The testimony of witnesses who saw Kennison, claimed by the State to be a principal with Brooks and appellant, the next morning after the alleged theft, and that he had one of his hands bandaged, and that it was bloody, could hardly be deemed sufficient corroboration. If the testimony of the accomplices be not considered, there would be nothing in the record to indicate how or where or under what circumstances Kennison's hand was hurt, and such fact standing alone would have apparently no tendency to indicate that he was a party to the theft.

We are not able to bring ourselves to believe that we erred in our original opinion, and the motion for rehearing is overruled.

*Overruled.*