## LEE PARRISH v. THE STATE.

No. 19329.   Delivered January 26, 1938.
State's rehearing denied March 23, 1938.

The opinion states the case.

*J. R. Bogard,* of San Augustine, and *J. R. Anderson,* of Center, for appellant.

*Hollis Kinard,* District Attorney, of Orange, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder and his punishment was assessed at confinement in the State Penitentiary for a term of twenty-five years.

Appellant reserved and brought forward twelve bills of exception which he contends reflect reversible error.

Bills of exception numbers one, two, three, four, five and six relate to the introduction of testimony by the State, which showed that appellant was engaged in making beer and operating a still at some point in the piney woods near his home and that of his father.

In brief, the testimony shows that some months prior to the commission of the alleged offense, appellant made a threat against any person or persons who tampered with his beer

barrels. His objection to said testimony was that (1) it tended to show an extraneous offense; (2) that the threat was a conditional threat without any showing that the condition had arisen upon which the same was based, and (3) that it was not directed at the deceased.

The court qualified said bills, and in his qualification states that the State proved by Boss Brown that on the day of the alleged homicide, the appellant, Tracy Smith, Boss Brown and the two Hooper boys met at Watt Parrish's home; that about one-thirty or two o'clock P. M., the two Hooper boys left Watt Parrish's on foot, going in the direction of the Grigsby Mail Route; that about ten or fifteen minutes later the appellant and Boss Brown started in the opposite direction on horseback, but soon turned and went in the same general direction—the Grigsby Mail Route. That when they had reached a point about 600 yards from the home of Watt Parrish, they observed the two Hooper boys walking through the brush; that appellant dismounted, telling Brown that he was going over to talk to the boys. That Brown continued traveling but looked back and saw appellant shoot; that he heard two shots and then heard some one holler as if in distress. That immediately after the shooting, appellant overtook Brown and said: "They will not bother my beer barrels any more."

Brown then inquired if he had killed them and appellant replied: "Well you heard what I said, the G— d— s—s of b—— won't bother my beer barrels any more and you be G— d— sure not to tell it."

It occurs to us that under the facts stated, the threat became admissible as it showed that appellant knew, or at least had the idea firmly fixed in his mind, that the two deceased boys had been tampering with his beer barrels, which was the underlying motive for the killing. There is no testimony that they, or anyone else, tampered with his barrels on the day of the alleged homicide. Hence, his statement to Brown that they would not "mess" with his beer barrels any more, certainly related to some act prior to the time of the homicide, and showed a motive for the commission of the offense. Extraneous offenses may be shown when they establish intent or motive for the commission of some other offense. See Hart v. State, 15 Texas Crim. Rep. 202 (227) ; Goodman v. State, 47 Texas Crim. Rep. 388; Somerville v. State, 6 Texas Crim. Rep. 433.

Appellant in due time and in the manner and form prescribed by law, objected to the court's charge, as shown by bills of exception numbers eight, nine and ten, because the court failed to instruct the jury that Boss Brown was, within con-

templation of law, an accomplice, or to submit the question to the jury for their determination.

The court qualified said bills, and in his qualification states that it was not shown that Brown agreed with appellant to the commission of the offense, or that he aided, abetted, or encouraged the appellant in the commission thereof.

Brown testified that when he was first questioned about the killing of the Hooper boys, both before and after his arrest, he told the officers that he had not seen the boys after they left the home of Watt Parrish and that Lee Parrish had nothing to do with the killing.

Article 77, Penal Code, reads as follows: "An accessory is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade arrest or trial or the execution of his sentence."

It has been held under the foregoing definition that it is not essential that the aid rendered to the criminal be of such a character as will enable the criminal to effect his present escape or concealment, but it is sufficient if it enables him to elude present arrest and prosecution. See Blakeley v. State, 7 S. W. 233; Littles v. State, 111 Texas. Crim. Rep. 500; 14 S. W. (2d) 853; Mosely v. State, 67 S. W. 103; Turner v. State, 37 S. W. (2d) 747.

Consequently, under the facts as disclosed by this record, Brown was an accessory, and an accessory is an accomplice witness. See Orr v. State, 61 S. W. (2d) 490. Hence, appellant was entitled to an instruction on the law of accomplice testimony, and the court's failure to do so presents reversible error.

It is possible that upon another trial evidence might be developed which would make it proper for the court to submit to the jury, under an appropriate instruction, the question of whether the witness was an accomplice.

All other matters complained of have been considered by us and are deemed to be without merit.

For the error herein discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After a re-examination of the record in the light of the State's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.