C. M. (WHIP) JONES v. THE STATE.

No. 20382. Delivered May 24, 1939.

The opinion states the case.

*Wright & Tupper,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Conviction is for accessory after the fact to the offense of murder; punishment assessed is confinement in the state penitentiary for a term of two years.

The only question which we deem necessary to consider is the sufficiency of the evidence to sustain appellant's conviction.

The record shows that on April 6, 1934, appellant, his son, and L. G. Deuran were on their way from Houston to San Angelo. They passed through the little town of Melvin, but upon reaching Brady Creek in McCulloch County, were prevented from crossing by unprecedented high water. They returned to Melvin and stopped at a garage where they met several people, including Johnson, Corbell and Bumgartner. A game of dice followed. After the game had been in progress for about thirty minutes and appellant and Deuran were some six or seven dollars ahead, someone informed them that the water had receded sufficiently to allow cars to cross the creek and they proceeded to the crossing. On their arrival, however, they found the water was still too high. Many cars and trucks were parked in the road waiting for the water to recede. While they were parked there, Bumgartner came up and informed them that Bill Johnson and Corbell had said that they were

coming to the crossing to make appellant and Deuran give them their money back or whip them. In a short time Corbell and Johnson appeared and another game of dice followed. After they had played for awhile and Deuran and appellant had lost two or three dollars, they decided to quit and did so. Some difference then arose among them which resulted in Johnson throwing appellant upon the ground, kicking and hitting him. Appellant called to Deuran for assistance. Deuran hit Johnson on the head with a pistol, knocking him down. When Corbell attempted to interfere, Deuran struck him also and knocked him down.

The indictment under which appellant was convicted charges that "L. G. Deuran, with malice aforethought did kill Bill Johnson by hitting him with a gun and that the said C. M. (Whip) Jones * * * after the commission of said offense by the said L. G. Deuran, and well knowing the said L. G. Deuran to have committed said offense, did unlawfully and wilfully conceal and give aid to the said L. G. Deuran in order that he, the said L. G. Deuran, might evade an arrest for said offense."

To sustain appellant's conviction under this charge, the evidence must show beyond a reasonable doubt that appellant *knew* that Deuran had committed a murder and that knowing this fact, he concealed and gave aid to Deuran, the purpose of which was to allow him to evade arrest and prosecution for said offense. To determine whether this has been shown, we need look only to the evidence adduced by the State. We find no evidence in the record showing that appellant knew that when he and Deuran left the scene of the difficulty that Johnson had been killed. Of course, he knew that Deuran had *struck* both Johnson and Corbell with a pistol. But a pistol, when so used is not necessarily a deadly weapon, unless used in a manner which would make it such. That appellant knew that one of the parties was seriously injured is shown by the fact that he went to a car occupied by one Noguess and sought to commandeer it to carry the injured party to the hospital. But this does not show an attempt to conceal Deuran or aid him in making his escape. When Noguess was demurring to appellant's request, Deuran drove up and remarked: "Let's go and get an ambulance." The parties then drove back to Melvin, turned west and crossed the creek, passed through a small village and finally entered again on the Brady, Eden and San Angelo Highway, in pursuance of their original object to go to San Angelo. When they reached

Wellview, they were stopped by the sheriff of Concho County and peacefully submitted to arrest.

The rule relative to the matter under consideration is stated in Wharton's Criminal Law, (12th Ed.) Vol. 1, p. 371, sec. 282, as follows:

"Three things are laid down in the books as necessary to constitute a man accessory after the fact to the felony of another.

"1. The felony must have been committed.

"2. The defendant must know that the felon is guilty, etc. * * *

"3. The felon must be to some extent sheltered from pursuit by the defendant."

Where is there any evidence which shows that appellant concealed Deuran in any manner; that he advised him to get out of the car and hide or secrete himself? The record fails to disclose any. They traveled from the scene of the difficulty along on the public road, passed through a town, passed people on the road, and made no attempt to disguise themselves or change the license number of their car, or do any act which might constitute concealment or flight other than going in the direction of their intended destination. It is true that they left the scene of the difficulty in a car in which they had been traveling from Houston but when this is considered in connection with all the other facts and circumstances preceding and subsequent to their leaving, we do not think it meets the requirements of the law, in that it fails to show appellant's guilt beyond a reasonable doubt.

There are other questions presented by the record, but in view of the disposition we are making of this case, we do not deem it necessary to discuss them.

Having reach the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.