Wilmer Lane EASTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 51359.

Court of Criminal Appeals of Texas.

April 28, 1976.

Rehearing Denied May 19, 1976.

**224**

Calvin A. Hartmann, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

1. Sometimes the term "accessory" is referred to as accessory after the fact or accessory to the accused.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for murder, wherein the jury assessed punishment at life imprisonment.

This appeal presents, among other things, the question of whether an accessory[1] is still an accomplice witness so as to require corroboration of such witness' testimony in light of the provisions of the 1974 Penal Code.

In his grounds of error appellant contends his wife was an accomplice witness as a matter of law and that the court erred in overruling his requested instruction to, at least, submit the fact issue to the jury whether his wife was an accomplice witness;[2] that since she was an accomplice witness, her testimony was not corroborated as required by Article 38.14, Vernon's Ann.C.C.P.; that the court erred in admitting at the penalty stage of the trial pen packets from Arkansas which were not properly exemplified and certified.

A brief review of the facts is necessary. The deceased, Kimberly Easter, was the ten month old daughter of the appellant. The evidence reflects a long history of abuse of the deceased by the appellant prior to her death on May 22, 1974.

Alice Easter, appellant's wife, testified for the State that about 6 p. m. on May 21, 1974, while she and the appellant were watching television the deceased began to cry; that she went to the bedroom and changed diapers on the deceased and went to get the deceased her food, but when she returned the appellant was choking the deceased, holding her out from him; that the deceased was screaming and kicking; that the appellant then threw the deceased into the air and the deceased fell and hit her head on the floor. She also testified her efforts to get the appellant to leave the child alone were unsuccessful, and appellant

2. There was no requested instruction that the jury be charged appellant's wife was an accomplice witness as a matter of law.

ordered her from the room and she left because she was afraid of him. She later could hear him cursing. Sometime later the appellant rushed out of the bedroom with the deceased in his arms and went outside and laid her on the porch and began breathing in her mouth. Appellant then took the child to a neighbor's house and left her. Appellant's wife testified she ran to another neighbor's house, where an ambulance was called.

The child was then taken to Ben Taub Hospital in Houston, where she died following surgery to remove a blood clot on her brain, which the medical examiner testified was the cause of death. At the hospital she related that she and the appellant both told the police the deceased had fallen out of a bed, but she did so only because the appellant was with her. The next day the police came to question them and "on the way down" she related the appellant told her to tell the police the deceased had fallen out of a bed.

In his attempt to show that his wife was an accomplice witness, appellant relies in part upon her testimony that in September, 1973, when the deceased was only a few weeks old the appellant had beaten the child and tried to force something between her legs, and that when the child was taken to the hospital his wife had stated to the doctor she didn't know what happened. The record reflects that the injuries were inflicted when the wife was not in the room, and although the evidence shows she told the doctor she didn't know what happened to the child, it also reflects she told the nurse what happened and the hospital records introduced into evidence so reflect. She further testified that she was told if she wished to press charges against her husband she would have to remain in Houston and it was her desire to go to her mother's home in Arkansas, which she did. She did not return to Houston and the appellant until the early part of 1974.

■ It would appear that the wife in fact reported the incident, but it is also true the mere fact that a witness denied knowledge of a crime does not make him or her an accomplice witness. Wade v. State, 367 S.W.2d 337 (Tex.Cr.App.1963). A witness is not deemed an accomplice witness because he or she knew of the crime but failed to disclose it or even concealed it. 24 Tex. Jur.2d, Evidence, Sec. 690, p. 312; Gausman v. State, 478 S.W.2d 458 (Tex.Cr.App.1972). Further, if a State's witness has no complicity in the offense for which an accused is on trial, his or her testimony is not that of an accomplice witness whatever may have been his complicity with the accused in the commission of other offenses. Thompson v. State, 501 S.W.2d 109 (Tex.Cr.App.1973); Carnathan v. State, 478 S.W.2d 490 (Tex.Cr.App.1972); cert. denied, 409 U.S. 866, 93 S.Ct. 160, 34 L.Ed.2d 114; McClanahan v. State, 394 S.W.2d 499 (Tex.Cr.App.1965).

■ Appellant also urges that his wife was present at the time of the offense in question on May 21, 1974, had guilty knowledge of the offense and did not timely disclose it. The mere fact that the witness was present when the crime was committed does not compel the conclusion that she is an accomplice witness. Silba v. State, 275 S.W.2d 108 (Tex.Cr.App.1954); 24 Tex. Jur.2d, Evidence, Sec. 690, p. 312, and cases there cited. As stated in 16 Tex.Jur.2d, Criminal Law, Sec. 83, p. 202:

"The fact that a person who is present when a crime is committed fails to give an alarm, fails to inform on a person he knows to have committed a crime, or conceals his knowledge that a crime has been committed does not make him an accessory."

See also Prine v. State, 509 S.W.2d 617 (Tex.Cr.App.1974); Curry v. State, 468 S.W.2d 455 (Tex.Cr.App.1971); Wade v. State, supra. Thus, appellant's wife was not an accomplice witness for the reason urged above.

We are confronted, however, with appellant's assertion that the testimony of his wife that she had given false information to the police officers at the hospital the night of the offense that the deceased had fallen off a bed was sufficient to constitute her an accessory (after the fact) and thus an accomplice witness.

It is true that it has been held that the giving of false information can be such an act as to render one an accessory. *Prine v. State*, supra; *Gottschalk v. State*, 157 Tex.Cr.R. 276, 248 S.W.2d 473 (1952); *Littles v. State*, 111 Tex.Cr.R. 500, 14 S.W.2d 853 (1929). And this is so even if the person to whom the false information is given is not a peace officer if done for the purpose of aiding the principal to evade arrest or trial. *McGoodwin v. State*, 134 Tex.Cr.R. 231, 115 S.W.2d 634 (1938). Further, it is not essential that the aid rendered be of such character as will enable the offender to escape or to conceal himself. It is sufficient if the aid enables elusion of present arrest and prosecution. *Blakeley v. State*, 24 Tex.App. 616, 7 S.W. 233 (1888); *Orr v. State*, 124 Tex.Cr.R. 252, 61 S.W.2d 490 (1933); *Parrish v. State*, 134 Tex.Cr.R. 187, 114 S.W.2d 559 (1938); 16 Tex.Jur.2d, Criminal Law, Sec. 83, p. 202.

In *McGoodwin v. State*, supra, it was held that a wife who made a false statement to the owner concerning the whereabouts of a stolen calf, for the purpose of aiding her husband (a co-defendant) and the accused to evade arrest or trial, was an accomplice witness.

Though there were some early decisions under former Penal Codes which indicated the contrary,[3] it was later recognized that if a person is coerced or acts under duress in giving false information the person is not an accessory and thus not an accomplice witness. *Turner v. State*, 117 Tex.Cr.R. 434, 37 S.W.2d 747 (1931); *Jones v. State*, 160 Tex.Cr.R. 479, 272 S.W.2d 368 (1954); *Reynolds v. State*, 489 S.W.2d 866 (Tex.Cr.App.1973). Where the issue of coercion, duress, fear, is raised, it is at most a fact issue for the jury.

In the instant case appellant's wife testified she made false statements, but explained that the appellant was present at the time and she was afraid of him and so made the statement. It has been held that the conclusion that a witness' testimony is not that of an accomplice witness is not compelled by the witness' statement that he was without knowledge or that he was forced or coerced. *Cozine v. State*, 87 Tex. Cr.R. 92, 220 S.W. 102 (1920); *Rivas v. State*, 98 Tex.Cr.R. 316, 265 S.W. 583 (1924). And in *Freeman v. State*, 11 Tex.App. 92 (1881), it was held that if a State's witness implicates himself, his statement that his participation was compulsory raises the issue of fact as to whether his testimony is or is not that of an accomplice witness.

It would appear that if the instant trial had been conducted prior to the effective date of the new Penal Code a serious question would have been raised by the failure of the trial court to heed the requested submission of the fact issue to the jury as to whether appellant's wife was an accomplice witness. However, since this is a case tried under the Penal Code effective January 1, 1974, we must determine whether, even if appellant's wife would have been an accessory under the former Code, an instruction on corroboration was necessary or even whether it was necessary for her testimony to be corroborated in light of the changes wrought by the new Penal Code.

Under former Penal Codes it was repeatedly held that an "accomplice witness" under Article 38.14, Vernon's Ann.C.C.P., and its forerunners was a person who, either as a principal, accomplice (to the crime) or accessory (to the accused) was connected with the crime by unlawful act or omission on her part, transpiring either before, at the time of, or after the commission of the offense, whether or not he was present and participated in the crime. See *Carnathan v. State*, 478 S.W.2d 490 (Tex.Cr. App.1972), cert. denied, 409 U.S. 866, 93 S.Ct. 160, 34 L.Ed.2d 114; *Johnson v. State*, 502 S.W.2d 761 (Tex.Cr.App.1973); *Brown v. State*, 505 S.W.2d 850 (Tex.Cr.App.1974); *Singletary v. State*, 509 S.W.2d 572 (Tex.Cr. App.1974). See also Article 38.14, Vernon's Ann.C.C.P., n. # 2, and cases there cited.

---

3. *Howard v. State*, 92 Tex.Cr.R. 221, 242 S.W. 739 (1922); *Davis v. State*, 2 Tex.App. 588 (1877).

■ Under the former Penal Codes the terms "principal," "accomplice" (to the crime)[4] and "accessory" were also defined. See, e. g., Articles 65, 70 and 77, Vernon's Ann.P.C., 1925. And it appears to be well settled that one is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. See *Burgess v. State*, 88 Tex.Cr.R. 146, 225 S.W. 182 (1920); *McQueen v. State*, 119 Tex.Cr.R. 287, 47 S.W.2d 317 (1932); 24 Tex.Jur.2d, Evidence, Sec. 690, p. 311, and cases there cited. See also *Stephenson v. United States*, 211 F.2d 702, 14 Alaska 603 (9th Cir. 1954). See also *State v. Bailey*, 254 N.C. 380, 119 S.E.2d 165, 171 (1961); *Monts v. State*, 214 Tenn. 171, 379 S.W.2d 34 (1964); *State v. Green*, 60 Ariz. 63, 131 P.2d 411 (1942); 3 Wharton's Criminal Evidence, 13 ed. (Torcia), Sec. 645, p. 342.

In *Liegois v. State*, 73 Tex.Cr.R. 142, 164 S.W. 382 (1914), this court held that the term "accomplice" signifies a guilty associate in crime, and is strictly defined as one who is associated with others in the commission of a crime; the test being whether the alleged accomplice witness could be indicted and punished for the crime for which the accused is being tried.

Stated another way, the court in *State v. Spruill*, 28 N.J.Super. 381, 100 A.2d 766, 770 (1953), said:

"One who could not be convicted of the crime with which the accused is charged is not an accomplice, regardless of how culpable his conduct may have been."

As a result of this rule, it is the holding in most jurisdictions in this country that an accessory after the fact is not generally regarded as an accomplice witness. Texas and Arkansas appear to be the only states which have not reached this result. 23

C.J.S. Criminal Law § 792, p. 14; 14 Am. Jur. 1, Criminal Law, Sec. 112; *Monts v. State*, 214 Tenn. 171, 379 S.W.2d 34 (1964), and cases there cited.

Under the former Penal Codes of this State an accessory was an accomplice witness within the purview of the procedural statute requiring corroboration. *McGoodwin v. State*, 134 Tex.Cr.R. 231, 115 S.W.2d 634 (1938); *Barr v. State*, 131 Tex.Cr.R. 369, 98 S.W.2d 811 (1936); *Compton v. State*, 130 Tex.Cr.R. 14, 90 S.W.2d 1093 (1936); *Orr v. State*, 124 Tex.Cr.R. 252, 61 S.W.2d 490 (1933); *Littles v. State*, 111 Tex.Cr.R. 500, 14 S.W.2d 853 (1929); *Harrell v. State*, 107 Tex.Cr.R. 8, 294 S.W. 597 (1927); *Newborn v. State*, 106 Tex.Cr.R. 354, 292 S.W. 247 (1927); *Howard v. State*, 92 Tex.Cr.R. 221, 242 S.W. 739 (1922). See also *Prine v. State*, 509 S.W.2d 617 (Tex.Cr.App.1974); *Hernandez v. State*, 169 Tex.Cr.R. 418, 334 S.W.2d 299 (1960); *Martin v. State*, 149 Tex.Cr.R. 226, 193 S.W.2d 219 (1946); *Turner v. State*, 117 Tex.Cr.R. 434, 37 S.W.2d 747 (1931). Under the former Penal Code an accessory was defined in Article 77, Vernon's Ann.P.C., 1925,[5] and the penalty provided was the lowest penalty for which the principal would be liable. See former Article 79, Vernon's Ann.P.C., 1925. Although there was a provision (Article 78, Vernon's Ann.P.C., 1925) that the husband or wife of an offender, his brothers and sisters and other kin and his domestic servants could not be accessories, it was held that a witness for the State who is an accessory is an accomplice witness even though because of kinship such witness could not be prosecuted as an accessory by virtue of said Article 78. *Turner v. State*, supra; *Jones v. State*, 160 Tex.Cr.R. 479, 272 S.W.2d 368 (1954); *Gonzales v. State*, 441 S.W.2d 539 (Tex.Cr.App.1969) (footnote # 1); *Reyn-*

---

4. Care should be taken to distinguish between the former offense of being an accomplice to the crime and being an accomplice witness. The latter is a much broader meaning. Too frequently opinions simply use the term "accomplice" without distinguishing whether the term applies to a witness or to the offense charged.

5. Article 77, supra, provides:

"An accessory is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence. One who aids an offender in making or preparing his defense at law, or procures him to be bailed though he afterwards escape[s], is not an accessory."

*olds v. State,* 489 S.W.2d 866, 871 (Tex.Cr. App.1972).

■ The 1974 Penal Code made some notable changes with regard to parties to a crime. The distinction between a principal and an accomplice (to the crime) was abolished and an accessory has been eliminated as a party to a crime and replaced with V.T.C.A. Penal Code, Sec. 38.05, defining the separate and distinct crime of "hindering apprehension or prosecution." [6]

The changes are best explained by the Practice Commentaries to V.T.C.A. Penal Code, Secs. 7.01 and 38.05. The commentary to said Sec. 7.01 reads in part as follows:

"This section abolishes the distinction between 'principals' and 'accomplices.' The reason for the distinction at common law was probably to mitigate the extraordinary severity of penalties with respect to nonperpetrating parties to crime. However, the distinction proved elusive and was abolished in England in 1848 and has been repeatedly criticized in Texas, see *Carlisle v. State,* 31 Tex.Cr.R. 537, 21 S.W. 358 (1893); *McClelland v. State,* 373 S.W.2d 674 (Tex.Cr.App.1963). Since Penal Code art. 72 provided the same punishment for principals and accomplices in most cases, the distinction was virtually without significance and created unnecessary burdens of pleading and proof for the prosecution.

"This code does not employ the terms 'principal' or 'accomplice;' rather, Section 7.01 provides that one may be charged as a party to the commission of an offense if he is criminally responsible for the conduct of another who perpetrates the offense. Section 7.02 then provides the standards for determining this vicarious responsibility.

"It should be noted that 'accessories' are not included as parties. Accessorial criminal conduct is considered interference with the administration of justice and dealt with as a separate offense in Section 38.05 (hindering apprehension or prosecution)."

The Practice Commentary to said Section 38.05 reads as follows:

"This section replaces the prior Penal Code provisions relating to accessories, arts. 77 to 79, 81. The new offense is defined in terms of hindering public law enforcement; this approach avoids the complications that arise from the use of a complicity theory. For example, this section omits the requirement that the offender know a crime has been committed or that the purported offender is guilty of the crime, see *Jones v. State,* 137 Tex. Cr.R. 146, 128 S.W.2d 803 (1939). Instead, the section requires an intent to hinder apprehension, prosecution, conviction, or punishment. Furthermore, the prosecution or conviction is not dependent upon the prosecution or conviction of the person aided, as required by prior art. 81, see *Moore v. State,* 40 Tex.Cr.R. 389, 51 S.W. 1108 (1899).

"Hindering is graded a Class A misdemeanor. Prior law prescribed the lowest penalty to which the principal would be liable, Penal Code art. 79.

"This section omits the prior law's exemption for relatives and servants, following the Model Penal Code's suggestion to leave this factor to prosecutorial discretion or for consideration in sentencing."

It clearly follows from what has been said that an accessory is no longer recognized in Texas as a party to the crime with which the accused is charged and cannot be

**6.** Section 38.05 provides:

"(a) A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense, he:

"(1) harbors or conceals the other;

"(2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or

"(3) warns the other of impending discovery or apprehension.

"(b) It is a defense to prosecution under Subsection (a)(3) of this section that the warning was given in connection with an effort to bring another into compliance with the law.

"(c) An offense under this section is a Class A misdemeanor."

convicted of the same. If chargeable at all, it would appear to be under said Section 38.05, which creates a separate and distinct offense. Under the general rule expressed earlier, such an individual could not be an accomplice witness whose testimony is required to be corroborated by Article 38.14, Vernon's Ann.C.C.P.

In *Monts v. State,* 214 Tenn. 171, 379 S.W.2d 34, 43 (1964), the Tennessee court wrote:

"In Tennessee, an accessory after the fact is not subject to indictment for the offense committed by his principal; but rather he is guilty of a separate and distinct offense defined in § 39–112, T.C.A. Thus under the generally accepted test, an accessory after the fact could not be considered as an accomplice within the rule requiring that the testimony of an accomplice be corroborated. This appears to be the result reached in all the States that have passed on this question with the exception of Arkansas and Texas."

The result reached in the instant case is reinforced when the changes made by the provisions of V.T.C.A. Penal Code, Sec. 38.-05, are considered. Unlike the former law of accessories, there is no requirement under said Section 38.05 that the offender know a crime has been committed or that the purported offender is guilty of the crime, and a prosecution under said section is not dependent upon the prosecution or conviction of the person aided.

We are not unaware of the cases earlier mentioned and decided under former codes that because of kinship certain individuals by statute were exempt from prosecution as accessories but nevertheless could still be accomplice witnesses. Whatever the validity of those cases, we conclude they are no longer viable in light of the changes made by the new Penal Code.

Thus, we hold that the court did not err in refusing the requested jury instruction, and further for the same reason we need not consider the ground of error that the testimony of appellant's wife needed to be corroborated. Appellant's wife was not an accomplice witness.

■ We do not pass upon the question of how the provisions of V.T.C.A. Penal Code, Sec. 7.01 (Parties to Offenses), which abolishes the distinction between principals and accomplices to the crime, affect the accomplice witness evidentiary rule prescribed by Article 38.14, Vernon's Ann.C.C.P. We do not conclude that the facts of this case bring that question into play.[7]

■ Lastly, appellant complains of the introduction at the penalty stage of the trial of certain penitentiary papers from Arkansas on the ground they were not properly certified and exemplified. The papers were accompanied by an attestation from A. L. Lockhart, the Superintendent of the Arkansas Department of Corrections, that the papers were correct copies of the records in his legal custody. There was also a certificate from Kelly Bryant, Secretary of State of Arkansas, certifying that A. L. Lockhart was Superintendent of the said Department of Corrections and had legal custody of the records thereof. Said certification bears the State seal of Arkansas. It clearly appears that the papers were admissible under the provisions of Article 3731a,

7. We observe, and observe only, that the Practice Commentary to said Section 7.01 concludes that nothing in subchapter A of Chapter 7 affects the accomplice witness rule. The case cited in the Commentary—*Willingham v. State,* 33 Tex. Cr.R. 98, 25 S.W. 424 (1894), does not appear to support the proposition for which it is cited, but the contrary. The writers may well have meant to cite *Wandell v. State,* 25 S.W. 27, Tex.Cr.App. (1894), which was decided ten days earlier, both opinions written by the same judge. Nevertheless, it is well established that in a prosecution for abortion the victim is not ordinarily an accomplice witness, although she consented to the procuring of abortion, and hence failure of a trial court to instruct on accomplice testimony is not error. *Bristow v. State,* 128 S.W.2d 818 (Tex.Cr.App. 1939); *Hammett v. State,* 84 Tex.Cr.R. 635, 209 S.W. 661 (1919); *Navarro v. State,* 24 Tex.App. 378, 6 S.W. 542 (1887); 1 Tex.Jur.2d, Abortion, Secs. 3, 28 and 40, and cases there cited. Cf. *Crissman v. State,* 93 Tex.Cr.R. 15, 245 S.W. 438 (1922).

Sec. 4, Vernon's Ann.C.S., in effect at the time of trial in October, 1974.

The judgment is affirmed.