**Juan Ralph CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. B14–85–478–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 22, 1986.

Peter W. Lewis and T. Donald Moran, Houston, for appellant.

John B. Holmes, Jr. and Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant was arrested on September 8, 1983, and charged with capital murder. That cause was dismissed on September 23, 1983, and appellant was subsequently indicted for the lesser offenses of murder and aggravated robbery. At trial the state abandoned the murder charge, and the jury convicted appellant of aggravated robbery. Punishment was assessed at imprisonment in the Texas Department of Corrections for a term of eighty-five years. We affirm the conviction.

On August 15, 1983, appellant's brother, Walter Castillo, and James Montenez met at Walter's apartment to discuss robbing the deceased, Samuel Alonzo. Montenez, testifying for the state, stated that he thought Alonzo would be a good robbery

target because he was likely to have money from the sale of drugs. Montenez had previously purchased drugs from the victim. Also present in the apartment while Walter and Montenez planned the robbery was Leticia Castillo, Walter's wife. She overheard Montenez suggest the robbery and heard her husband agree to the plan. She saw Walter retrieve a skeleton mask from a closet. According to Montenez's testimony, he and Walter later talked to appellant about their plan and all three drove to the victim's house together. Montenez remained in the car while the Castillo brothers entered the victim's home. Appellant wore the skeleton mask because he feared that he would be recognized, since Alonzo had seen him before.

The victim's wife testified that a man wearing a skeleton mask and a man she later identified as Walter Castillo burst into their home. The masked man held Alonzo on the floor with a gun in his back while Walter ransacked the house. The gun discharged during the robbery, killing Alonzo.

Leticia testified that when Walter returned he was "very excited." He told her to take their children and leave. She also observed appellant, who looked "like he had seen a ghost." Leticia further stated that the following day she overheard a conversation among the three men concerning the robbery and murder of Alonzo. It was during this discussion that she heard appellant say, "Nobody knows I was there. Nobody saw me. Nobody knows I'm involved and I'm going to play it cool." Leticia gave a statement to law enforcement officials on September 3, 1983, but did not mention the conversation the three men had the day after the offense was committed.

In his first three grounds of error appellant contends the trial court erred in overruling his requested charges that (1) Leticia Castillo was an accomplice witness as a matter of law, (2) the jury be allowed to decide as a matter of fact whether Leticia Castillo was an accomplice, and (3) the jury acquit appellant if it found as a matter of

fact that Leticia Castillo was an accomplice.

Appellant argues that there is sufficient evidence to find that Leticia Castillo was an accomplice witness as a matter of law. He points out that she was present when the scheme was hatched, she fled after the crime had been committed, she delayed reporting the crime to authorities and she failed to include information concerning appellant's guilt in her initial statement to the authorities. Appellant further argues that, should we find that Leticia was not an accomplice witness as a matter of law, he was nonetheless entitled to a jury instruction on the issue of whether she was an accomplice as a matter of fact.

■■ An accomplice witness is someone who has *participated* with another before, during or after the commission of a crime. *Harris v. State*, 645 S.W.2d 447 (Tex.Crim. App.1983) (en banc). *See also Villarreal v. State*, 576 S.W.2d 51 (Tex.Crim.App.1978) (en banc), *cert. denied*, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Easter v. State*, 536 S.W.2d 223 (Tex.Crim.App.1976). *See also Harris v. State*, 645 S.W.2d at 457, and *Villarreal v. State*, 576 S.W.2d at 57. A witness is not deemed an accomplice witness because he knew of the crime but failed to disclose it or even concealed it. *Id.* at 56; *Easter v. State*, 536 S.W.2d at 225; *Gausman v. State*, 478 S.W.2d 458 (Tex.Crim.App.1972).

■■ The evidence in the case at bar discloses that Leticia Castillo could not have been prosecuted for either murder or aggravated robbery as a result of the conversations she overheard. She did not *participate* in the crime before, during or after its commission. When it is clear from the evidence that the witness is not an accomplice, no charge need be given to the jury either that a witness is an accomplice as a matter of law or that the jury is to decide whether the witness is an accomplice. *Harris v. State*, 645 S.W.2d at 456, citing *Villarreal v. State*, 576 S.W.2d 51 (Tex.Crim.App.1978), *cert. denied*, 444 U.S.

885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). However, if there is a conflict in the evidence, the court should charge the jury on the question of whether the witness was an accomplice as a matter of fact. *Harris v. State*, 645 S.W.2d at 456. Appellant has failed to direct this court to any conflict in the evidence and we find none. The evidence simply fails to disclose that Leticia Castillo was an accomplice witness as a matter of law or fact. Appellant's first three grounds of error are overruled.

In ground of error four appellant claims the evidence was insufficient to convict him because the state failed to sufficiently corroborate the testimony of James Montenez. The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and examine the other evidence to determine whether it tends to connect the defendant with the commission of the offense. *Granger v. State*, 683 S.W.2d 387 (Tex.Crim.App.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985); *Hill v. State*, 666 S.W.2d 130 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). We find that the testimony of Leticia Castillo, a nonaccomplice witness, was sufficient to connect appellant with the commission of the offense. Ground of error four is overruled.

The conviction is affirmed.