Affirmed and Memorandum Opinion filed December 14, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00108-CR

___________________

 

Lemuel Ignacio Quijano, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 209th District Court

Harris County,
Texas



Trial Court Cause No. 1152406

 



 

 

MEMORANDUM  OPINION

            In
three issues, appellant Lemuel Ignacio Quijano challenges his conviction for
aggravated assault, arguing that the trial court erred in refusing to instruct
the jury that the complainant was appellant’s accomplice as a matter of law or
as a matter of fact and that there is insufficient non-accomplice evidence to
corroborate his accomplices’ testimony.  Because the complainant corroborated
the codefendant’s testimony but was not an accomplice in her own aggravated
assault, we affirm.

I.  Background

            In January
2008, complainant Maria Poulos was asked to help appellant and Jose Solorzano commit
a robbery.  According to Poulos, she was to accompany the two men[1] and pose as a
prostitute to gain admittance to a garage where the men expected the intended
victim to be working.  She did not know the intended victim’s name or the
garage’s location, and she was unarmed.  She testified that after she got into
a vehicle with Solorzano and appellant at around 2:00 or 3:00 a.m., Solorzano began
driving very fast and erratically, switching lanes, running red lights, and
failing to yield.  Poulos stated that she screamed at Solorzano, “That’s it. 
I’m not doing it.”  She testified that Solorzano initially yelled at her to
shut up, but after he stopped at a gas station to refuel the car, he telephoned
someone and his demeanor changed.  According to Poulos, Solorzano then told her
that he would take her home if she did not want to go through with the robbery,
but asked her not to withdraw and promised not to “drive crazy.”  

            After
leaving the gas station, Solorzano and appellant each spoke on their cell phones.
 Poulos believed they were getting directions, and told them they were going
the wrong way.  When Solorzano turned the car onto a darkened street, Poulos
looked at appellant, who was seated behind her, and saw that he was pulling on
a pair of black gloves.  She was afraid appellant would shoot her and tried to
engage him in conversation, but he did not speak to her.  Eventually, Solorzano
stopped the car without pulling over, and according to Poulos, all three
occupants got out.  Poulos asked where they were, and Solorzano told her that they
had to walk down a dirt road.  Poulos did not begin walking, but instead turned
to look at appellant and saw he was pointing a gun at her.  Appellant shot
Poulos five times, then both men got back into the car and drove away.  

            Poulos was
able to run for assistance to a house she saw nearby.  The resident, whom she
did not know, eventually agreed to drive her to the hospital where she was
treated and spoke with police.  Although Poulos did not know appellant’s legal
name, she told police his nickname and address and identified him in a photo
spread.  

            Solorzano
and appellant were arrested, and Solorzano testified at appellant’s trial that
appellant shot the complainant.  Solorzano denied that he drove erratically or
that he ever got out of the car, but his testimony was otherwise consistent
with the complainant’s testimony.  

            The trial
court refused appellant’s request to charge the jury that complainant was an
accomplice as a matter of law, but instructed the jury that it could not
convict appellant upon Solorzano’s testimony unless it believed that Solorzano’s
testimony (a) was true, (b) showed appellant’s guilt as charged in
the indictment, and (c) was corroborated by other evidence that tended to connect
appellant to the offense.  The jury found appellant guilty as charged, and
after applying enhancements, assessed punishment of a $10,000 fine and
confinement for life in the Texas Department of Criminal Justice, Institutional
Division.

II.  Issues Presented

            In
his appeal, appellant first argues that the jury should have been instructed
that Poulos was an accomplice as a matter of law.  In his second issue,
appellant contends that Poulos was his accomplice as a matter of fact because
he could have been charged with attempted capital murder; she could have been
charged with attempted robbery; and attempted robbery is a lesser-included
offense of capital murder.  Appellant argues in his third issue that because
Solorzano and Poulos are accomplices and therefore cannot corroborate one
another’s testimony, there is insufficient evidence to corroborate the
testimony of either of them.

III.  Analysis

            In Texas, a
conviction cannot be secured upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant to the offense.
 Tex. Code Crim. Proc. art. 38.14
(West 2005).  An accomplice is an individual who participates with a defendant
before, during, or after the commission of the crime and acts with the
requisite culpable mental state.  Cocke v. State, 201 S.W.3d 744, 747
(Tex. Crim. App. 2006); Yost v. State, 222 S.W.3d 865, 871 (Tex.
App.—Houston [14th Dist.] 2007, pet. ref’d).  Such participation must involve
an affirmative act that promoted the commission of the offense with which the
accused was charged.  Paredes v. State, 129 S.W.3d 530, 536 (Tex. Crim.
App. 2004).  

            A witness
may be an accomplice either as a matter of law or as a matter of fact.  Cocke,
201 S.W.3d at 747.  An accomplice as a matter of law is one who is susceptible
to prosecution for the offense with which the accused is charged or a
lesser-included offense.  Paredes, 129 S.W.3d at 536.  If the evidence
clearly shows that the witness was an accomplice as a matter of law, the trial
court must so instruct the jury, but if the evidence on the issue is
conflicting or is unclear as to whether the witness is an accomplice, the trial
court must leave to the jury the question of whether the inculpatory witness is
an accomplice as a matter of fact.  Id  When reviewing allegations of
charge error, we first determine whether error actually exists in the charge. 
If so, we determine whether sufficient harm resulted from the error to require
reversal.  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

            Here, all of
appellant’s arguments are predicated on the idea that Poulos was an accomplice
to a planned robbery.  Appellant, however, was tried for the offense of
aggravated assault, not the offense of robbery.  If a State’s witness has no
complicity in the offense for which an accused is on trial, her testimony is
not that of an accomplice witness regardless of whether she may have been
complicit with the accused in committing other offenses.  Gamez v. State,
737 S.W.2d 315, 322 (Tex. Crim. App. 1987); Caraway v. State, 550 S.W.2d
699, 702 (Tex. Crim. App. 1977); Easter v. State, 536 S.W.2d 223, 225
(Tex. Crim. App. 1976).  There is no evidence that Poulos was appellant’s
accomplice in her own aggravated assault, nor does appellant contend
otherwise.  Consequently, she was not appellant’s accomplice as a matter of law
or as a matter of fact.  We therefore overrule appellant’s first and second
issues, and affirm the trial court’s judgment without reaching his third issue.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Poulos testified that another
person was also expected to participate in the robbery, but she did not
identify that person at trial or explain that person’s intended role.