**Ronnie James SAMPLE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–335–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 30, 1982.

Vick & Narsutis, and Phillip O. Vick, Denton, for appellant.

Freddie D. Marsh, Dist. Atty., and Alan L. Levy, Asst. Dist. Atty., Denton, for appellee.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

Appellant, Ronnie James Sample, was convicted of burglary of a habitation, V.T.C.A. Penal Code, § 30.02, by a jury, which assessed him a $500.00 fine, and seventeen (17) years imprisonment.

We reverse and remand for a new trial.

Among Sample's six grounds of error are two grounds which complain of error by the trial court in not submitting to the jury the question of whether a State's witness was an accomplice of Sample and in not instructing the jury upon the law pertaining to corroboration of accomplice testimony. These issues require a recitation of the pertinent facts.

The record reflects that Russell Stevenson, the alleged accomplice witness, picked up Sample on the day of the alleged burglary. Stevenson then transported Sample, upon request, to the residential address where the burglary allegedly occurred. Stevenson testified that Sample told him that Sample was going to borrow some money there. Once at the residence, Stevenson said that he saw Sample knock on

the front door. Stevenson testified that he looked away for a moment and did not see how Sample gained entry. A policeman testified that the door had been forced open, most likely by a hard shove by a man's shoulder. Sample returned from the house with a stereo. Stevenson said that he questioned Sample about what Sample was doing with the stereo. Sample said that the stereo belonged to him, and asked Stevenson to drive to a pawn shop, so that the stereo would be pawned. Sample then bought gas for Stevenson's automobile and beer, which they both drank. After driving aimlessly about drinking the beer for 20–30 minutes, Sample requested Stevenson to again take him to the residential address where he had obtained the stereo. Stevenson testified that Sample again entered the house, and returned with a guitar and amplifier. Sample asked Stevenson to drive to a second pawn shop. Stevenson carried the amplifier inside, and used his own identification to pawn the guitar and amplifier there. Stevenson testified that Sample asked Stevenson to use his identification so that they could "get more money" for the items which they pawned; and that Sample did all the talking with the pawn broker and received the money. Sample then used this money to buy two or three cases of beer, which both men consumed. The pawn broker testified that most likely Stevenson, and not Sample, received the money for the pawned items, as it is his practice to give the money to the person who signs the pawn ticket.

Pursuant to an investigation into the burglary, Denton police asked that Stevenson come to the station, which he voluntarily did. While there, he gave a statement, which related substantially the same story as did his testimony. He told police that he did not know that Sample had stolen the aforementioned items. Stevenson denied making any deals with the police in return for his statement. The District Attorney also denied the existence of any deals with Stevenson. However, Stevenson was not indicted. The police officer to whom Stevenson's statement was given testified that Stevenson had no prior record, and that the

officer believed Stevenson's story, and, although he made no deals with Stevenson, he decided not to recommend to the District Attorney's office that Stevenson be charged in connection with the alleged burglary.

The victim could not identify the stereo which Sample had pawned. This stereo was not reported stolen and the record contains no evidence of its rightful ownership, other than that Sample had possession of it and had pawned it. The victim stated that no guitar was stolen from his residence. Sample did not testify.

In his final argument, the prosecutor admitted that he did not know whether Stevenson was "involved" in the burglary.

The trial court refused Sample's request for an instruction that Stevenson was an accomplice as a matter of law; refused to submit to the jury the question of whether or not the witness was an accomplice witness; and also refused to instruct the jury upon the law pertaining to corroboration of accomplice witness testimony.

■ Sample's first ground of error contends that the trial court erred in refusing to submit to the jury the question of whether Russell Stevenson was an accomplice witness. We agree.

An accomplice witness is someone who has participated with another before, during, or after the commission of a crime. *Jackson v. State*, 552 S.W.2d 798 (Tex.Cr. App.1977); *Singletary v. State*, 509 S.W.2d 572 (Tex.Cr.App.1974). One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Easter v. State*, 536 S.W.2d 223 (Tex.Cr.App.1976); . . . A witness is not deemed an accomplice witness because he knew of the crime but failed to disclose it or even concealed it. . . .

\*　\*　\*　\*　\*　\*

*Caraway v. State*, 550 S.W.2d 699 (Tex. Cr.App.1977), was also a prosecution for murder under the former code. In that case, a witness, Bell, had taken part in two thefts shortly before the murder, and

had waited outside after the accused entered the house in which the murder took place. This Court held that:

> 'The mere fact that a witness has complicity with an accused in the commission of other offenses does not make his testimony that of an accomplice witness for the offense for which the accused is on trial if there is no showing of his complicity in that offense. [citing *Easter v. State,* supra]. The *record in the instant case does not reflect any affirmative act on Bell's part to assist* in Knox's murder. See *Chappell v. State,* Tex.Cr.App., 519 S.W.2d 453. Appellant made no showing that Bell participated in planning or promoting the offense. See and compare *Cross v. State,* Tex.Cr.App., 550 S.W.2d 61 (decided April 20, 1977). Even if Bell had been told of the killing later that evening when he was given a ride by appellant and Bates, a witness is not deemed an accomplice witness merely because he knew of the crime but failed to disclose it or even concealed it. *Easter,* supra. The fact that Bell was present outside the farm house at the time of the shooting is also not controlling; the fact that the witness was present when the crime was committed does not compel the conclusion that he was an accomplice witness. See *Quintanilla v. State,* Tex.Cr.App., 501 S.W.2d 329; *Easter,* supra; [*Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975) ].' [Emphasis added.]

*Villarreal v. State,* 576 S.W.2d 51, 56–57 (Tex.Cr.App.1978).

■ In the instant case, the evidence raises an issue whether Stevenson committed affirmative acts to assist Sample in the burglary. It could be argued that Stevenson acted as lookout for Sample, and he certainly assisted Sample in the disposal of property obtained in the burglary. Stevenson could have been charged for the same offense as was Sample. Apparently, the decision not to do so was discretionary on the part of the Denton County District Attorney. Exercise of that discretion does not in any way establish that Stevenson could not have been charged with burglary of a habitation under the law of parties. V.T.C.A. Penal Code, § 7.02.

In *Cooper v. State,* 630 S.W.2d 332 (Tex. App.—Houston 1982), a factually similar situation to the case at hand was presented. Cooper had gone with the State's witness, George, to a house owned by Simmons. Cooper gained entry into the house with an iron bar, which he used to break a padlock on the door. Both men entered the house and removed a television, which they transported in George's truck to another location. Later, George talked with Simmons, who was a friend of George's, and Simmons told George that his house had been broken into and his television stolen. The television apparently was quite distinctive, and George told Simmons of his "being with the guy—that stole it" earlier that day, and where the television could be found. Simmons retrieved the set, and at trial George testified that Cooper had told him that he owned the house, had recently separated from his wife, and had decided to sell the television. Cooper complained on appeal that the trial court had erred in failing to present an accomplice witness charge to the jury. Cooper failed to present written instructions or dictate such instruction to the court reporter (V.A.C.C.P. art. 36.15), and therefore failed to fully preserve his error (he had merely orally requested such an instruction). In this procedural respect *Cooper v. State,* supra, differs from the case at hand. The court pointed out that "[n]ormally (that is, when art. 36.15 is complied with, as it was by Sample), where there is a question as to whether a witness is an accomplice, it is proper to submit that issue to the jury. *Arney v. State,* [580 S.W.2d 836 (Tex.Cr.App.1979) ]." *Cooper v. State, supra,* at 333. However, since Cooper failed to preserve his error, and since the court could not say that the record reflected that the trial court's failure to give the instruction was calculated to injure the rights of the appellant or that Cooper had not had a fair and impartial trial, the error was waived; "[a]lthough the facts of this case were such that a properly requested accom-

plice witness charge should have been given, . . ." *Cooper v. State, supra,* at 333. Nevertheless the court said, had George been an accomplice as a matter of law, the trial court would have been duty bound to so instruct the jury. [Citing *Allen v. State,* 461 S.W.2d 622 (Tex.Cr.App.1970); and *Arney v. State, supra.*] *Cooper v. State, supra,* at 333. See also *Carrillo v. State,* 591 S.W.2d 876, 882–883 (Tex.Cr.App.1979).

We cannot fairly conclude from the record that Stevenson was an accomplice as a matter of law. However, we find that an issue existed as to whether he was an accomplice witness. The trial court erred by refusing to grant Sample's proper request that this issue be submitted to the jury.

Sample's second ground of error maintains that the trial court committed reversible error in denying Sample's request for an instruction to the jury as to the law pertaining to corroboration of accomplice testimony. We agree.

Since the trial court should have submitted to the jury the issue of whether Stevenson was an accomplice witness, it should also, a priori, have given an instruction upon the law pertaining to corroboration of accomplice testimony. Should the jury have found that Stevenson was an accomplice witness, they would necessarily have to know the law pertaining to corroboration of such a witness' testimony. V.A.C. C.P. art. 38.14; *Walker v. State,* 615 S.W.2d 728, 731–733 (Tex.Cr.App.1981).

We do not find it necessary to consider Sample's four remaining grounds of error.

Because we do not find that Stevenson was an accomplice witness as a matter of law, we do not need to consider whether Stevenson's testimony was sufficiently corroborated to satisfy art. 38.14. Thus we are not bound by the decisions of the United States Supreme Court in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which applied *Burks* to the states. The "Burks-Greene" rule states that if a defendant has once been placed in jeopardy, and the evidence has been found insufficient, no further prosecution may be had. Herein, had Stevenson been an accomplice as a matter of law, then the evidence adduced at trial would have been insufficient to convict Sample, as there was inadequate corroborating evidence as required by art. 38.14. We would then have had no choice but to apply "Burks-Greene" and reform judgment to reflect an acquittal. See also V.A. C.C.P. art. 38.17.

Instead we reverse and remand for new trial.