IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-622-CR




WALLACE ROGER HENDERSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7976, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of burglary of a building. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02,
since amended). The district court assessed punishment at imprisonment for twenty-five years. (1)

 The entrance door to Bastrop's city utilities office has a slot through which
customers may deposit their utility payments when the office is closed. On the night of March
7, 1993, someone broke a glass panel in the door and stole the metal box containing the after-hours utility payments. On March 10, the box was found by police in a field outside of town. 
The box contained numerous opened envelopes and payment checks. Appellant's fingerprint was
found on one of these checks.

 Melissa Clawson testified that she and appellant spent the evening of March 7
driving around in a car and smoking crack cocaine. Eventually, the couple ran out of money and
drugs. Clawson described what happened next:


We went over to the Victoria Bank and parked back there behind the Victoria
Bank.[ (2)] He told me to wait there for a minute and I didn't see anything happen. 
I was so -- you know, I hadn't seen anything happen and he got a -- I don't know
what you call them, some kind of a bar. It's used for tires on cars, and a towel
and he came back in less than a minute. He wasn't gone but that long and he came
back with that box.



The box to which Clawson referred was the box stolen from the utility office. Appellant and
Clawson opened the envelopes in the box but found no cash. They eventually disposed of the box
and its contents in the field where it was found.

 Defense witness Ellen Wright testified that appellant was with her in her apartment
in San Marcos on the night of the burglary. Another defense witness, Will McMarion, testified
that Clawson approached him on March 8 and asked him for a loan. Clawson gave McMarion
a check to hold as collateral. McMarion had no money to loan, but took the check to appellant,
who was in a nearby apartment. Appellant examined the check and declared it to be "no good." 
Appellant returned the check to McMarion, who in turn gave it back to Clawson.

 In his only point of error, appellant contends the attorney who represented him at
trial was ineffective because he failed to request a jury instruction on alibi based on Wright's
testimony, and because he also failed to request an instruction that Clawson was an accomplice
witness as a matter of law or fact. To prevail on this claim, appellant must show that counsel was
not functioning effectively as counsel and that counsel's errors prejudiced appellant's defense to
such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd).

 The "defense" of alibi does not seek to excuse or justify otherwise culpable
conduct, but instead merely negates the existence of an essential element of the State's case: the
identity of the accused as the perpetrator. Villarreal v. State, 821 S.W.2d 682, 685 (Tex.
App.--San Antonio 1991, no pet.). In this cause, the district court instructed the jury to acquit
appellant if it had a reasonable doubt whether he committed the burglary. No further instruction
regarding the alibi testimony was necessary because, if the jury believed that appellant was with
Wright on the night of the offense, it could not find beyond a reasonable doubt that appellant
committed the robbery. Id. at 686. Because appellant was not entitled to a special instruction on
alibi, it follows that defense counsel was not ineffective for failing to request it.

 A conviction cannot be had on the testimony of an accomplice unless that testimony
is corroborated by other evidence tending to connect the defendant to the offense. Tex. Code
Crim. Proc. Ann. art. 38.14 (West 1979). When the evidence shows that a witness was an
accomplice as a matter of law, the trial court must instruct the jury in accord with article 38.14. 
Navarro v. State, 863 S.W.2d 191, 201 (Tex. App.--Austin 1993, pet. ref'd). When there is a
conflict in the evidence raising a doubt as to the witness's status, the court should submit the issue
to the jury as a fact question and instruct it not to consider the witness's uncorroborated testimony
if it finds that the witness was an accomplice. Id. Appellant argues that, at the least, the evidence
in this cause raised a fact question whether Clawson was an accomplice to the burglary, and that
trial counsel was ineffective for failing to request an accomplice witness instruction.

 Clawson testified that appellant told her that he knew where to get some money,
but that she did not know appellant intended to commit a burglary until after the offense was
completed. While it is clear that Clawson was willing to share in the fruits of the burglary, there
is no evidence that she encouraged, aided, or attempted to aid appellant in the commission of the
offense. See Tex. Penal Code Ann. § 7.02(a)(2) (West 1994). Neither Clawson's presence at the
time of the burglary nor her admitted efforts to conceal the crime after it was committed in
themselves made her an accomplice to the offense. Navarro, 863 S.W.2d at 201-02. 

 Appellant refers us to the opinion in Sample v. State, 644 S.W.2d 225 (Tex.
App.--Fort Worth 1982, no pet.), a burglary prosecution in which the accused was held entitled
to an accomplice witness instruction. We believe, however, that the evidence in Sample regarding
the witness's involvement in the charged burglary was much stronger than in this cause. The
witness in Sample twice drove the defendant to the burglarized apartment, was present when the
stolen property was pawned, and allowed the defendant to use his identification at the pawn shop. 
Sample does not compel the conclusion that appellant was entitled to an accomplice witness
instruction. As with the alibi instruction, trial counsel was not ineffective for failing to request
an instruction to which appellant was not entitled.

 Moreover, appellant has not met his burden of showing that the result of the trial
likely would have been different if an accomplice witness instruction had been requested and
given. It is obvious that the result of appellant's trial turned on the jury's assessment of the
relative credibility of Clawson, on the one hand, and the defense witnesses on the other. Because
the presence of appellant's fingerprint on a stolen check clearly tended to connect him to the
offense, it is unlikely the jury would have given less credence to Clawson's testimony had it been
told that she was an accomplice. 

 The point of error is overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 21, 1994

Do Not Publish

1. The State moved to dismiss this appeal after appellant's brief was filed. We advised the
parties that the motion to dismiss would be carried to the merits and instructed the State to offer
argument and authority in support of the motion in its brief responding to appellant's point of
error. In its brief, the State effectively abandons the motion. Accordingly, the State's motion to
dismiss is overruled.
2. The evidence reflects that the Bastrop utility office is next door to Victoria Bank and Trust.