Carlos **REYNA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–99–00817–CR.

Court of Appeals of Texas, Austin.

June 29, 2000.

Alberto Garcia, Austin, for Appellant.

Sally Swanson, Asst. Dist. Atty., Austin, for Appellee.

Before Justices JONES, YEAKEL and PATTERSON.

J. WOODFIN JONES, Justice.

Appellant Carlos Reyna was convicted of theft of more than $1,500 but less than $20,000, a state jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4) (West Supp.2000). He was sentenced to two years in state jail. On appeal, appellant complains in four issues that the trial court erred by basing his conviction on the testimony of an accomplice witness without requiring corroboration of that testimony. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 1998, David Monroe called Austin police to report that his 1992 Chevrolet GMC van had been stolen from the street in front of his home during the night. On March 3, a Travis County deputy sheriff found a similar van abandoned on a Del Valle street, and Austin Police Officer Rudy Woods was summoned to help with the investigation. The van had been stripped of its motor, transmission, and other parts. By checking the vehicle identification number, Woods and his partner confirmed that the recovered van was the same van stolen from Monroe.

Acting on a hunch that the van might have been abandoned close to where it had been stripped, the officers canvassed the neighborhood looking for clues in the streets and yards. They spotted what Woods recognized as a van engine hanging from an engine hoist in a yard less than a mile from where the stolen van had been recovered. As the officers stopped their car, they were approached by Tony Ancira, a resident of the house. He told them that the engine had been taken from the vehicle of a friend. He let the officers look at the engine more closely, and they were able to obtain a serial number from the engine that showed it had been taken from the stolen van. Other parts from the van were also recovered from the Ancira house. Tony Ancira accompanied the officers to police headquarters to give them a statement.

While they were still at the police department with Tony Ancira, Woods received a phone call from Cecilio Ancira, Tony's brother, who offered to provide information about the stolen van. Woods went back to the Ancira house to take his statement. Cecilio told the officers that his brother and appellant, along with appellant's brother, had brought the van to the Ancira house one evening around

March 3rd and stripped it. Cecilio accepted their offer to buy the van's engine for $40 even though he acknowledged he knew the van had probably been stolen.[1]

Based on the recovered van parts and the information provided by Cecilio, Tony Ancira and appellant were charged with theft of the van. Tony jumped bond, and his whereabouts were unknown at the time of appellant's trial. Appellant's case was tried to the court, and at trial the State presented the testimony of Woods, van owner Monroe, and Cecilio Ancira. In closing arguments, appellant's counsel urged that Cecilio was an accomplice and that, without corroboration of his testimony, there was insufficient evidence to convict appellant. Appellant was found guilty of theft of the van and was sentenced to two years in state jail.

## DISCUSSION

In four issues on appeal, appellant complains that (1) the trial court erred in finding that Cecilio was not an accomplice witness as a matter of law; (2) the evidence is legally insufficient to support the verdict because the testimony of the accomplice witness was not sufficiently corroborated; (3) the court erred in ruling that Texas Rule of Evidence 801(e)(2) does not require corroboration of Cecilio's testimony; and (4) there is legally insufficient evidence to support appellant's conviction. We will first address issue one to determine whether Cecilio was an accomplice witness as a matter of law.

■ The Code of Criminal Procedure provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex.Code Crim. Proc. Ann. art. 38.14 (West 1979). The rule

---

1. Cecilio's statement to Woods and his testimony at trial conflicted on whether he paid the $40 to his brother or to appellant.

reflects a general mistrust of accomplice testimony on the theory that an accomplice may hope to save himself from punishment if he assists the State in convicting a partner in crime. Thus, the rule requiring corroborating testimony is intended to minimize the danger that an accomplice's self-interest might motivate him to falsely implicate others in his crime in order to deflect blame and punishment from himself. *See Bingham v. State*, 913 S.W.2d 208, 211 (Tex.Crim.App.1995) (quoting 7 Wigmore on Evidence § 2057 at 417 (Chadbourn rev.1978)).

An accomplice witness is one who can be prosecuted for the same offense with which the accused is charged. *See Creel v. State*, 754 S.W.2d 205, 213 (Tex. Crim.App.1988); *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App.1987). Thus, the test to be applied is whether a purported accomplice could be prosecuted under the same indictment by which the accused was charged. *See Gamez*, 737 S.W.2d at 322. A witness is not deemed an accomplice witness merely because he failed to disclose the commission of the offense to law enforcement officials or even because he concealed it. *See Creel*, 754 S.W.2d at 213; *Gamez*, 737 S.W.2d at 322. Nor does a witness's complicity with the accused in the commission of a different, but related, offense make him an accomplice to the crime for which the accused is on trial. *See Creel*, 754 S.W.2d at 213; *Gamez*, 737 S.W.2d at 322.

In the present case, appellant was accused of theft of the van. The indictment alleged that on or about March 3, 1998 appellant "appropriate[d], by acquiring and otherwise exercising control over, property, namely, a motor vehicle, of the value of $1500 or more but less than $20,-000, from David Monroe, the owner thereof, without the effective consent of the owner and with intent to deprive the own-

er of the property...." The indictment mirrors the language found in Penal Code section 31.03, which defines the crime of theft. *See* Penal Code § 31.03.[2]

Appellant relies on a string of older cases holding that a witness who purchases stolen property, which he knew or should have known was stolen, is an accomplice witness to the principal theft as a matter of law. *See, e.g., Newsom v. State*, 143 Tex.Crim. 583, 159 S.W.2d 883, 884 (1942) (op. on reh'g) (man purchasing chickens he knew or suspected were stolen was guilty of receiving stolen property and so was accomplice as matter of law); *Johnson v. State*, 58 Tex.Crim. 244, 125 S.W. 16, 18 (1910) (man who purchased harness suspecting it was stolen was accomplice to theft of harness); *Walker v. State*, 37 S.W. 423, 423 (Tex.Crim.App.1896) (man receiving meat of cow he knew was stolen, even though he did not participate in original taking, was accomplice to theft of cow). Indeed, Texas was formerly in the minority of states holding that prosecution witnesses who knowingly received stolen property were accomplices whose testimony required corroboration in a trial of the principal offender for theft. *See* Annotation, *Receiver of Stolen Goods as Accomplice of Thief for Purposes of Corroboration*, 74 A.L.R.3d 560 (1976). The cases cited by appellant have not been expressly overruled, but the rule deeming receivers of stolen property accomplice witnesses for purposes of corroboration has not been relied on in recent years. *See id.* § 8 (most recent Texas case cited for this proposition is *Johnson v. State*, 502 S.W.2d 761 (Tex.Crim.App.1973)). This is because the rule has been effectively abrogated by statute.

Before 1974, Texas law provided that an "accessory" to a crime was one whose participation in an offense occurred *after* its commission. *See Singletary v.*

---

2. Section 31.03 also modifies the traditional accomplice witness rule by providing that "the testimony of an accomplice shall be corroborated by proof that tends to connect the actor to the crime, but the actor's knowledge or intent may be established by the uncorroborated testimony of the accomplice." Penal Code § 31.03(c)(2).

*State*, 509 S.W.2d 572, 576 (Tex.Crim.App. 1974) (quoting *Gonzales v. State*, 74 Tex. Crim. 458, 171 S.W. 1146 (1914)) ("To constitute one an accessory in this state his participation in the crime and acts must all have occurred subsequent to the commission of the offense."). The older cases held that the receiver of stolen goods was an accomplice witness because he was deemed an accessory to the theft. *See Johnson*, 125 S.W. at 18 (quoting *Walker*, 37 S.W. at 423) ("The question is, did this testimony tend to connect this witness with the crime as an accessory?"). In 1974, the legislature revised the Penal Code, and under the new section 7.02 an accessory is no longer recognized in Texas as a party to the crime with which the accused is charged. *See Easter v. State*, 536 S.W.2d 223, 228 (Tex.Crim.App.1976); Texas Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 7.02, 1973 Tex. Gen. Laws 883, 894 (Tex. Penal Code § 7.02, since amended). Instead, the legislative created a separate and distinct offense of hindering apprehension or prosecution. *See Easter*, 536 S.W.2d at 228–29. Thus, an accessory to a crime cannot be an accomplice witness whose testimony is required to be corroborated under the accomplice witness rule. *See id.* at 229. The implication of the *Easter* holding is that a receiver of stolen goods—who was formerly deemed an accessory to, and thus chargeable with, the principal theft—is no longer an accomplice witness for purposes of corroboration. We believe that the 1974 Penal Code revision moved Texas into the majority of jurisdictions holding that a knowing receiver of stolen property is not ordinarily an accomplice of the original thief for purposes of requiring corroboration of testimony at the trial of the thief.[3]

■ This brings us to the modern rule for identifying whether a witness is an accomplice witness for evidentiary purposes: whether a purported accomplice could be prosecuted under the same indictment by which the accused was charged. *See Gamez*, 737 S.W.2d at 322. In the present case, appellant was charged with theft of "a motor vehicle" in the indictment. Cecilio's testimony reflects that he had no prior knowledge of the theft of the van and was not a party to the theft of the entire vehicle. There is no evidence to the contrary. Receipt of stolen property is included in the scope of the Penal Code's theft statute, but by purchasing the engine when he suspected the van had been stolen, Cecilio is chargeable only with theft of the engine *subsequent to* the original theft of the van. *See* Tex. Penal Code Ann. §§ 31.02, .03 (West 1994 & Supp.2000). That crime, however, is separate and distinct from the crime with which appellant was charged. "If a witness has no complicity in the offense for which an accused is on trial, his or her testimony is not that of an accomplice witness whatever may have been his complicity with the accused in the commission of other offenses." *Harris v. State*, 738 S.W.2d 207, 215 (Tex. Crim.App.1986); *see Easter*, 536 S.W.2d at 223.

Accordingly, we hold that the trial court did not err in refusing to require corroboration of Cecilio's testimony. Appellant's first issue on appeal is overruled. Because we hold that Cecilio was not an accomplice witness as a matter of law, we do not reach appellant's second and third issues, in which he complains that the Code of Criminal Procedure and the Rules of Evidence require corroboration of an accomplice witness's testimony.

■ In his fourth issue on appeal, appellant argues that "the evidence is legally insufficient, *even if the court rules against*

---

3. Even those jurisdictions that do not require corroboration of the testimony of one who receives stolen property generally recognize an exception when the receiver has engaged in a conspiracy with the thief prior to the theft and the receiver promises to buy what the thief steals. *See* Annotation, *Receiver of Stolen Goods as Accomplice of Thief for Purposes of Corroboration*, 74 A.L.R.3d 560 § 2 (1976). There is no evidence of such a conspiracy here.

*the appellant in issue number three,* because there is insufficient evidence to convict the appellant beyond a reasonable doubt." (Emphasis added.) Because he made this issue contingent on a negative result in his third issue—an issue we do not reach—appellant is arguably not entitled to review of this point. Both parties, however, treat this point as a standard legal sufficiency challenge and address it independent of appellant's arguments in issue three. In the interest of justice, therefore, we will address the legal sufficiency of the evidence.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Staley v. State,* 887 S.W.2d 885, 888 (Tex. Crim.App.1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). This standard of review is the same for both direct and circumstantial evidence. *See Green v. State,* 840 S.W.2d 394, 401 (Tex.Crim.App.1992).

Reviewing the evidence in the light most favorable to the verdict, the testimony at trial showed that a 1992 Chevrolet GMC van was stolen in February 1998 and found by police stripped and abandoned on a Del Valle street on March 3, 1998. Just before the stripped van was found, appellant drove the van to the Ancira house where he, his brother, and Tony Ancira proceeded to remove its engine and other parts. They asked Cecilio Ancira if he wanted to purchase the engine, and he paid them $40 for it. The engine was spotted in front of the Ancira house on March 3 while police were investigating the theft of the van. We hold that a rational trier of fact could have found beyond a reasonable doubt that appellant stole the van he was seen driving

and stripping. The evidence is legally sufficient to support his conviction, and we overrule his fourth issue.

### CONCLUSION

We hold that Cecilio Ancira, who testified that appellant sold him the engine from the van appellant was convicted of stealing, was not an accomplice witness as a matter of law. Thus, even if his status as an accomplice was a matter of *fact,* we must presume that the trial court found him not to have been an accomplice. *See Ice v. State,* 914 S.W.2d 694, 695–96 (Tex. App.—Fort Worth 1996, no pet.). Accordingly, Cecilio's testimony did not require corroboration to support appellant's conviction. We further hold that the evidence is legally sufficient to support appellant's conviction. The trial court's judgment is affirmed.