TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00019-CR







Samuel Worthen, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAV IS COUNTY, 390TH JUDICIAL DISTRICT


NO. 001940, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING








Appellant Samuel Worthen was convicted as a party to the robbery at gunpoint of
Patricia Contreras, the assistant manager of an Austin pawn shop. See Tex. Pen. Code Ann.
§ 29.03(a)(2) (West 1994); see also id. § 7.02. It is undisputed that the robbery was committed by
Jeff Lee. Worthen's criminal responsibility for the crime was proved primarily through the
testimony of two witnesses, Talia Thompson and Thomas Debrow. The district court instructed the
jury that Thompson was an accomplice as a matter of law, but submitted the question of Debrow's
status as an accomplice to the jury as a fact question. By two points of error, Worthen contends the
court should have instructed the jury that Debrow was an accomplice as a matter of law, and that the
accomplices' testimony was not corroborated by evidence tending to connect Worthen to the
robbery. See Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice witness rule). We will
overrule these contentions and affirm the conviction. (1)

Thompson was a sixteen-year-old runaway who lived in a house in San Antonio with
Worthen, his young son, his mother, and his friend Jimmy Barnett. Thompson testified that on the
night preceding the robbery, she heard Worthen, Barnett, and Lee plan the robbery at Worthen's
house. Later that night, the four drove to Austin in Worthen's mother's car, taking with them
Worthen's pistol and several pillowcases. They checked into a motel upon their arrival in Austin
and briefly slept. They left the motel around 9:00 a.m. According to the plan, Thompson was to
enter the pawnshop and pretend to be interested in purchasing jewelry, thereby causing the clerk to
open the jewelry case. Lee would then enter with the pistol and steal jewelry and cash, while
Thompson pretended to be a frightened bystander. Thompson was to leave the pawnshop shortly
after Lee, and the four were to then meet at a restaurant in the area.

The nonaccomplice testimony shows that the robbery went as planned, but things
soon went downhill for the robbers. The police arrived at the pawnshop before Thompson could
leave. Thompson's suspicious behavior and vague, conflicting answers to questions caused the
police to suspect that she was involved in the robbery. Thompson ultimately led the police to the
motel, where Barnett was found and arrested in the room rented by Worthen. Lee was arrested when
he arrived at the motel in Worthen's car. Worthen was arrested while walking nearby.

Debrow testified that he was playing basketball with Worthen, Lee, and Barnett at
Worthen's house in San Antonio on the day before the robbery, and that he overheard his friends
planning the robbery. Later, when he and Lee returned to Lee's house, Debrow tried to talk Lee out
of going to Austin, but Lee told him he needed money to bail his girlfriend (Debrow's sister) out of
jail. About midnight, Worthen, Barnett, and Thompson came to Lee's house with Worthen's child. 
Worthen asked Debrow to babysit the child and said they would be back the next morning. Debrow
knew that Worthen and the others were going to Austin to commit a robbery.

Debrow further testified that Lee called him the next day to report that he and his
companions were in jail in Austin. Lee called again three days later, said he had been released from
custody, and asked Debrow to come get him. Debrow drove to Austin and met Lee. Lee took
Debrow to the location where he had hidden the jewelry taken from the pawnshop. Debrow saw a
pillowcase in some bushes; when he picked it up and opened it, he saw jewelry and Worthen's pistol. 
Debrow took the pistol from the pillowcase and dropped it into a bush. Debrow and Lee then
returned to San Antonio with the stolen jewelry. Debrow agreed to keep the jewelry at his
stepmother's house.

It is often said that an accomplice witness is one who participates with the defendant
before, during, or after the commission of the crime. McFarland v. State, 928 S.W.2d 482, 514
(Tex. Crim. App. 1996); Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986). But since
the adoption of the current penal code in 1974, a witness whose participation in the crime occurred
only after the commission of the offense--that is, a person who would have been considered an
accessory after the fact under prior law--is no longer an accomplice witness. Easter v. State, 536
S.W.2d 223, 228 (Tex. Crim. App. 1976); Reyna v. State, 22 S.W.3d 655 (Tex. App.--Austin 2000,
no pet.). Further, the witness's participation must involve an affirmative act or omission to promote
the commission of the offense. McFarland. 928 S.W.2d at 514. A witness is not an accomplice
merely because he knew about the crime and failed to disclose it, or even if he acted to conceal it. 
Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998).

To be subject to the accomplice witness rule, a witness must be susceptible to
prosecution for the same offense with which the accused is on trial. McFarland, 928 S.W.2d at 514. 
If the witness has not been charged, he is not an accomplice as a matter of law unless the evidence
is sufficient to convict him of the same offense or for a lesser included offense. Blake, 971 S.W.2d
at 454-55. Because Debrow had not been indicted, he was an accomplice witness as a matter of law
only if the evidence shows that he could be successfully prosecuted for the pawnshop robbery or for
a lesser included offense.

Worthen contends the following facts made Debrow an accomplice to the pawnshop
robbery as a matter of law: (1) he was a friend of Worthen, Lee, and Barnett; (2) he was present
when Worthen, Lee, and Barnett planned the robbery; (3) one purpose of the robbery was to raise
money for the release of his sister from jail; (4) he agreed to babysit Worthen's child while Worthen
went to Austin for the robbery; (5) he went to Austin to get Lee following his release from custody
after the robbery; (6) he recovered the stolen goods and stored them; (7) he disposed of the pistol
used in the robbery; (8) he was never prosecuted for the robbery but given testimonial immunity. 
As our previous summary of the applicable law makes clear, Debrow's friendship with the robbers
and his advance knowledge of the robbery did not make him an accomplice. Similarly, Debrow's
efforts to assist Lee after the robbery, while perhaps opening him to prosecution for hindering
apprehension or prosecution, did not make him an accomplice. See Tex. Pen. Code Ann. § 38.05
(West Supp. 2001). That Debrow was given testimonial immunity does not necessarily mean that
he was subject to prosecution for robbery.

Worthen argues that Debrow was subject to prosecution for the lesser included
offense of theft because he knowingly appropriated the stolen property. See Tex. Pen. Code Ann.
§ 31.03(a), (b)(2) (West Supp. 2001). This Court has held, however, that the knowing receipt of
stolen property is an offense separate and distinct from the original taking; it is not a lesser included
offense of the original taking. Reyna, 22 S.W.3d at 659. "[A] knowing receiver of stolen property
is not ordinarily an accomplice of the original thief for purposes of requiring corroboration of
testimony at the trial of the thief." Id. (footnote omitted).

The only fact arguably demonstrating that Debrow affirmatively acted to promote the
commission of the pawnshop robbery is his babysitting of Worthen's child while Worthen and the
others went to Austin to commit the crime. We are aware of no authority supporting the conclusion
that an act so unrelated to the charged offense can, in itself, make one an accomplice or party to the
offense. We decline to hold that this conduct made Debrow an accomplice to the robbery as a matter
of law.

When it is not clear from the evidence whether a witness was an accomplice, it is
sufficient to submit the question to the jury as a fact issue. Blake, 971 S.W.2d at 455; Carrillo v.
State, 591 S.W.2d 876, 882 (Tex. Crim. App. 1979). This is precisely what the district court did in
this cause, and we find no basis in the record for concluding that the court erred by doing so. Point
of error one is overruled.

Worthen's second point of error is premised on our agreeing that Debrow was an
accomplice witness as a matter of law. He argues that when Thompson's and Debrow's testimony
is excluded from consideration, the remaining evidence is insufficient to connect him to the offense
and thereby to corroborate the accomplice testimony. See Walker v. State, 615 S.W.2d 728, 731-32
(Tex. Crim. App. 1981) (test for corroboration). We have held, however, that Debrow was not an
accomplice witness as a matter of law. To the extent Debrow's testimony is necessary to sustain
Worthen's conviction, we assume the jury found that he was not an accomplice. Debrow's testimony
corroborated Thompson's, and the testimony as a whole is more than sufficient to support the jury's
finding of guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979);
Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review). Point of error
two is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: October 25, 2001

Publish
1. The State urges that because Worthen requested the instruction submitting Debrow's status to
the jury as a fact issue, he is estopped from asserting on appeal that Debrow was an accomplice as
a matter of law. See Prystash v. State, 3 S.W.3d 522, 531-32 (Tex. Crim. App. 1999) (invited error). 
The record shows, however, that Worthen first asked the court to instruct the jury that Debrow was
an accomplice as a matter of law, and that he requested the instruction given only after his preferred
instruction was refused. Under the circumstances, the alleged error was not invited.