# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-01-00170-CR

**James Lee Philpot, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 00-3259, HONORABLE FRED A. MOORE, JUDGE PRESIDING

A jury found appellant James Lee Philpot guilty of burglary of a habitation, for which the court assessed punishment, enhanced by previous felony convictions, at imprisonment for forty years. *See* Tex. Pen. Code Ann. § 30.02 (West Supp. 2001). Appellant complains of charge error and contends the evidence is legally and factually insufficient to sustain the guilty verdict. We will overrule these contentions and affirm the conviction.

The complainant returned home from an out-of-town trip to discover that his residence had been burglarized. Among the items stolen was a bicycle worth approximately $1500. The same day the burglary was discovered, appellant sold the complainant's bicycle to a pawnshop for $100. Appellant was arrested several months later. He had no reaction when told that he was being arrested for burglary of a habitation.

The defense called one witness. Patrick Kulp testified that one night a man he did not know approached him and offered to sell him a bicycle. Kulp gave the man a rock of crack cocaine

in exchange for the bicycle. Later that morning, Kulp offered to sell the bicycle to appellant for $30. Appellant took the bicycle to a pawn shop, sold it, and gave Kulp $30. Kulp was shown a photograph of the complainant's bicycle and said that it resembled the one he sold to appellant, although the color did not match his previous description. Kulp acknowledged having an extensive criminal record and was a jail inmate at the time of appellant's trial.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

There is no question that the complainant's residence was burglarized. Recent, unexplained possession of property stolen during a burglary may give rise to an inference of guilt and be sufficient to support a conviction for the burglary. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). The evidence must show that the defendant's possession (1) was unexplained, personal, and recent to the taking, and (2) involved a distinct and conscious assertion of ownership. *Id.*

The evidence shows that appellant sold the stolen bicycle on the very day of the burglary. This evidence established appellant's recent and personal possession of property stolen

during the burglary and involved a distinct and conscious assertion of ownership by appellant. When told that he was being arrested for burglary, appellant did not assert his innocence or offer the explanation he asserted at trial. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could reasonably infer from the circumstances shown that appellant entered the complainant's residence without consent and committed theft. Point of error one is overruled.

Even at face value, Kulp's testimony was not inconsistent with the finding of guilt because his description of the bicycle he allegedly sold appellant did not match the complainant's bicycle, and because he did not specify the date of this alleged transaction. In any event, Kulp was hardly a credible witness, and the jury was free to disbelieve him. We must maintain appropriate deference to the jury's verdict by finding evidence to be factually insufficient only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson*, 23 S.W.3d at 9. A decision is not manifestly unjust merely because the fact finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Point of error two is overruled.

Over appellant's objection, the district court instructed the jury on the law of parties and authorized appellant's conviction if the jury found that he was either the primary actor or a party to the offense. *See* Tex. Pen. Code Ann. § 7.02 (West 1994). In his third point of error, appellant contends there was no evidence to support the theory that he was a party to the burglary and that the court's charge was therefore erroneous.

3

We agree that there was no evidence warranting the parties instruction. Contrary to the State's argument, Kulp's testimony did not raise the parties issue. If believed, Kulp's testimony showed that appellant was guilty of theft by receiving stolen property. *See* Tex. Pen. Code Ann. § 31.03(a), (b)(2) (West Supp. 2001). The receiver of stolen property is not a party to the original taking. *Reyna v. State*, 22 S.W.3d 655, 659 (Tex. App.—Austin 2000, no pet.). The knowing receipt of stolen property is a separate and distinct offense. *Id*.

Although the court erred by instructing on the law of parties, the error does not warrant reversal. When, as in this case, the evidence clearly supports the defendant's guilt as the primary actor, any error in charging on the law of parties is harmless. *Ladd v. State*, 3 S.W.3d 547, 564-65 (Tex. Crim. App. 1999); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Point of error three is overruled.

The judgment of conviction is affirmed.

                                                       _____

                                                        Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 29, 2001

Do Not Publish