TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00170-CR







James Lee Philpot, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 00-3259, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant James Lee Philpot guilty of burglary of a habitation, for which
the court assessed punishment, enhanced by previous felony convictions, at imprisonment for forty
years. See Tex. Pen. Code Ann. § 30.02 (West Supp. 2001). Appellant complains of charge error
and contends the evidence is legally and factually insufficient to sustain the guilty verdict. We will
overrule these contentions and affirm the conviction.

The complainant returned home from an out-of-town trip to discover that his
residence had been burglarized. Among the items stolen was a bicycle worth approximately $1500. 
The same day the burglary was discovered, appellant sold the complainant's bicycle to a pawnshop
for $100. Appellant was arrested several months later. He had no reaction when told that he was
being arrested for burglary of a habitation.

The defense called one witness. Patrick Kulp testified that one night a man he did
not know approached him and offered to sell him a bicycle. Kulp gave the man a rock of crack
cocaine in exchange for the bicycle. Later that morning, Kulp offered to sell the bicycle to appellant
for $30. Appellant took the bicycle to a pawn shop, sold it, and gave Kulp $30. Kulp was shown
a photograph of the complainant's bicycle and said that it resembled the one he sold to appellant,
although the color did not match his previous description. Kulp acknowledged having an extensive
criminal record and was a jail inmate at the time of appellant's trial. 

In determining the legal sufficiency of the evidence to support a criminal conviction,
the question is whether, after viewing all the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State, 614 S.W.2d 155, 158-59
(Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the
evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so
obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's
determination. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

There is no question that the complainant's residence was burglarized. Recent,
unexplained possession of property stolen during a burglary may give rise to an inference of guilt
and be sufficient to support a conviction for the burglary. Sutherlin v. State, 682 S.W.2d 546, 549
(Tex. Crim. App. 1984). The evidence must show that the defendant's possession (1) was
unexplained, personal, and recent to the taking, and (2) involved a distinct and conscious assertion
of ownership. Id.

The evidence shows that appellant sold the stolen bicycle on the very day of the
burglary. This evidence established appellant's recent and personal possession of property stolen
during the burglary and involved a distinct and conscious assertion of ownership by appellant. When
told that he was being arrested for burglary, appellant did not assert his innocence or offer the
explanation he asserted at trial. Viewing the evidence in the light most favorable to the prosecution,
we conclude that a rational trier of fact could reasonably infer from the circumstances shown that
appellant entered the complainant's residence without consent and committed theft. Point of error
one is overruled.

Even at face value, Kulp's testimony was not inconsistent with the finding of guilt
because his description of the bicycle he allegedly sold appellant did not match the complainant's
bicycle, and because he did not specify the date of this alleged transaction. In any event, Kulp was
hardly a credible witness, and the jury was free to disbelieve him. We must maintain appropriate
deference to the jury's verdict by finding evidence to be factually insufficient only when the record
clearly indicates that the verdict is wrong and manifestly unjust. Johnson, 23 S.W.3d at 9. A
decision is not manifestly unjust merely because the fact finder resolved conflicting views of the
evidence in the State's favor. Roise v. State, 7 S.W.3d 225, 233 (Tex. App.--Austin 1999, pet.
ref'd). Point of error two is overruled.

Over appellant's objection, the district court instructed the jury on the law of parties
and authorized appellant's conviction if the jury found that he was either the primary actor or a party
to the offense. See Tex. Pen. Code Ann. § 7.02 (West 1994). In his third point of error, appellant
contends there was no evidence to support the theory that he was a party to the burglary and that the
court's charge was therefore erroneous.

We agree that there was no evidence warranting the parties instruction. Contrary to
the State's argument, Kulp's testimony did not raise the parties issue. If believed, Kulp's testimony
showed that appellant was guilty of theft by receiving stolen property. See Tex. Pen. Code Ann.
§ 31.03(a), (b)(2) (West Supp. 2001). The receiver of stolen property is not a party to the original
taking. Reyna v. State, 22 S.W.3d 655, 659 (Tex. App.--Austin 2000, no pet.). The knowing receipt
of stolen property is a separate and distinct offense. Id.

Although the court erred by instructing on the law of parties, the error does not
warrant reversal. When, as in this case, the evidence clearly supports the defendant's guilt as the
primary actor, any error in charging on the law of parties is harmless. Ladd v. State, 3 S.W.3d 547,
564-65 (Tex. Crim. App. 1999); see also Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985). Point of error three is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 29, 2001

Do Not Publish