Affirmed and Opinion filed July 25, 2002














Affirmed and
Opinion filed July 25, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-00802-CR

_______________

 

ROBERT EARL
CHARLES, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

_____________________________________________________

 

On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 854,396 

_____________________________________________________

 

O P I N I O N

            Robert Earl Charles appeals a
conviction for theft of property over $1,500 and under $20,000 on the grounds
that the trial court: (1) erred in refusing his request to submit an accomplice
witness instruction to the jury; (2) erred in refusing appellant’s request for
an instruction on the lesser-included offense of Class A misdemeanor theft; and
(3) committed egregious error by failing to include the statutory definition of
when appropriation of property is unlawful in the jury charge.  We affirm.




Facts and Procedural History

            On August 16, 2000, appellant called Apollo’s
Moon Walk (“Apollo’s”) to rent a boxing ring moon walk and the matching oversized
boxing gloves.[1]  That same day, complainant, Charlotte
Santana, and her husband, Stanley Santana, took the moon walk to 9102 Talton and there met with appellant.  Appellant gave Mr. Santana two $200 checks,
one for the deposit and one for the rental fee. 
Mr. Santana noticed that the checks bore a Hispanic surname.  When Mr. Santana questioned appellant about
the surnames, appellant assured Mr. Santana that the checks belonged to his
sister-in-law and that he was coordinating the rental for her.  Appellant and Mr. Santana agreed that the Santanas would pick up the moon walk the next morning.

            When the Santanas
arrived to pick up the moon walk, it was no longer there.  However, they learned where appellant worked
and were in route to his workplace when they noticed their boxing gloves in
front of a day care center.  Mr. Santana
called the Houston Police Department. 
After Officer Davis arrived at the day care center, he spoke with the
owner of the day care, Beverly Morris. 
She told the Officer that two men attempted to sell her the moon walk
for $200 and that appellant claimed that the sale was due to his going out of
business.  Morris also testified that
when she attempted to call Apollo’s, the phone just rang and she received no
answer thereby confirming appellant’s story for Morris that he was going out of
business.  

            However, upon being informed that
the moon walk belonged to the complainant, Morris had Mr. Santana take the moon
walk down and stopped payment on the check she had written to appellant for the
moon walk.  Later, Morris identified
appellant in a photospread.  On September 21, 2000, appellant was charged by
indictment with theft for the unlawful appropriation of property over $1,500
but under $20,000, a state jail felony. 
He entered a plea of not guilty, and the jury found him guilty.  Appellant pleaded not true to an enhancement
charge, and the jury returned a verdict of true, enhancing the state jail
felony conviction to a third degree felony, for which the jury assessed
punishment at 8 years imprisonment and a $3,500 fine.  

                                                 Accomplice Witness Instruction

            In his first point of error,
appellant contends that the trial court erroneously denied his request  to instruct the jury to determine whether
Beverly Morris was an accomplice witness as a matter of fact.  Specifically, he claims that Morris’s
testimony indicated that she knew she was purchasing stolen goods from
appellant.  He argues that this testimony
raised an issue as to whether Morris was an accomplice to the theft and he was
entitled to an accomplice witness instruction. 


            In reviewing charge error on appeal,
we must first determine whether error exists in the jury charge; and second, we
must determine whether sufficient harm was caused by the error to require
reversal.  Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim.
App. 1998).  However, whether jury error
exists depends upon whether appellant was entitled to an accomplice witness
instruction.  See Medina v. State, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999). 
When the parties at trial present conflicting evidence, and it is not
clear whether the witness is an accomplice, the jury must initially determine
whether the witness is an accomplice as a matter of fact and should be so
instructed with instructions defining the term accomplice.  Id.

            One is an accomplice if he
participates before, during, or after the commission of a crime and can be
prosecuted for that offense as the defendant or for a lesser-included
offense.  Id.  Mere presence during the commission of the
crime, knowledge about the crime and failure to disclose it, or even
concealment of the crime is not sufficient to render a person an
accomplice.  Id.  Nor does a
witness’s complicity with the accused in the commission of a different, but
related, offense make him an accomplice to the crime for which the accused is
on trial.  Creel v. State, 754 S.W.2d 205, 213 (Tex. Crim.
App. 1988).  An accomplice must
affirmatively act to promote the commission of the crime either before, during,
or after the offense.  Medina, 7 S.W.3d
at 641.

            In this case, appellant asserts that
a discrepancy between Morris’s and complainant’s testimony raised an issue as
to whether Morris was an accomplice witness as a matter of fact.  Morris testified that the telephone rang when
she called Apollo’s, and the complainant testified that the call would have
been answered by call notes.  Appellant
argues that this contradicting testimony raised a fact issue as to whether she
was an innocent purchaser of stolen property. 
Further, appellant argues that the low purchase price of the moon walk
should have alerted Morris that she was purchasing stolen property and, thus,
raised a fact issue as to whether she was an accomplice witness. 

            However, we find that this evidence
is not conflicting so as to call into question whether Morris was an
accomplice.  Nor does appellant point to
any other evidence indicating that Morris made an affirmative act to promote
the commission of this theft either before, during, or after the offense
rendering her an accomplice.  See id. 
Rather, we find appellant’s conclusory
argument, that Morris must have known she was purchasing stolen property and
was therefore an accomplice to the theft, without merit.  Under the current Penal Code, a witness whose
participation in a crime occurred only after the commission of the offense,
namely a person who would be considered an accessory after the fact (a receiver
of stolen goods) under the prior law, is no longer an accomplice witness.[2]  See
Easter v. State, 536 S.W.2d 223, 228
(Tex. Crim. App. 1976); Worthen v. State, 59 S.W.3d 817, 820 (Tex.
App.—Austin 2001, no pet.).  

            Morris’s testimony reflects, and
there is no evidence to the contrary, that she had no knowledge of the theft
and was not a party to the theft of the moon walk.  Although receipt of stolen property is
included in the scope of the Penal Code’s theft statute, it is subsequent to
the original theft and thus separate and distinct from the theft with which
appellant was charged.  See Tex.
Pen. Code Ann. §§ 31.02, 03 (Vernon 1994 and Supp. 2002); Reyna v. State, 22 S.W.3d 655, 659 (Tex.
App.—Austin 2000, no pet.).  The
testimony of a witness without complicity in the offense for which an accused
is on trial is not that of an accomplice witness, regardless of her complicity
with the accused in other offenses.  Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). 
Thus, we hold that the trial court did not err in denying appellant’s
request to instruct the jury to determine whether Morris was an accomplice
witness as a matter of fact and overrule his first point of error.

                                             Lesser-Included Offense Instruction

            In his second point of error,
appellant argues that the trial court erred by denying his request to instruct
the jury on the lesser-included offense of a Class A theft because the
complainant did not testify how much the value of the moon walk depreciated
since she purchased it.  Again, in
reviewing charge error, we must first determine whether error exists in the
jury charge before assessing harm.  Mann, 964 S.W.2d at 641.  However, before the evidence warrants an
instruction on a lesser-included offense, the following two-prong test must be
satisfied: first, the lesser-included offense must be included within the proof
necessary to establish the offense charged, and second, some evidence must
exist that would permit a jury rationally to find that the defendant is guilty
only of the lesser-offense.  Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002).  

            As to the first prong, a lesser
included offense is: (1) established by proof of the same or less than all the
facts required to establish the commission of the offense charged; (2)  differs from the offense charged only in the
respect that a less serious injury or risk of injury to the same person,
property, or public interest suffices to establish its commission; (3) differs
from the offense charged only in the respect that a less culpable mental state
suffices to establish its commission; or (4) consists of an attempt to commit
the offense charged or an otherwise included offense.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon
1981).  We determine whether an offense
is a lesser-included offense on a case-by-case basis because a lesser-included
offense is defined in terms of the offense charged and the facts of the case.  Jacob
v. State, 892 S.W.2d 905, 908 (Tex. Crim. App.
1995).  

            In that regard, we employ a
three-step analysis to determine whether the lesser- included offense is
included within the proof necessary to establish the offense charged.  Id.  First, the reviewing court must analyze the
elements of the offense actually charged by looking at the evidence legally
required to prove guilt as defined by the specific indictment.  Id. at
907–08.  Second, the court must look at
the statutory elements of the offense sought as a lesser-included offense.  Id. at
907.  Third, the court must ascertain
whether the elements of the lesser offense are functionally included in the
elements of the charged offense.  Id. at
908.  

            In this case, appellant was charged
with the offense of state jail felony theft. 
A theft is a state jail felony if the value of the property stolen is
$1,500 or more but less than $20,000.  Tex. Pen. Code Ann. § 31.03(e)(4)(A) (Vernon Supp.
2002).  A defendant is guilty of the
requested lesser offense of Class A misdemeanor theft if the value of the
property stolen is $500 or more but less than $1,500.  Id. §
31.03(e)(3).  These elements are
functionally included in the elements of state jail felony theft.  Compare
Tex. Pen. Code Ann. § 31.03(e)(3)
with § 31.03(e)(4)(A).  The distinction between state jail felony and
misdemeanor theft, in this case, is merely the value of the property
stolen.  Id.  Thus, the state jail felony offense of theft
includes the lesser misdemeanor offense.  


            As previously stated, under the
second prong, we must determine whether there is some evidence in the record
that would permit a jury to rationally find the defendant guilty of only the
lesser-offense of Class A theft.  See Mathis, 67 S.W.3d at 925.  In applying this prong, we must examine the
entire record instead of plucking certain evidence from the record and
examining it in a vacuum.  Enriquez v. State, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). 
The evidence must establish the lesser-included offense as a valid rational
alternative to the charged offense.  Mathis, 67 S.W.3d at 925.  Also, it is not enough that the factfinder may disbelieve crucial evidence pertaining to
the greater offense; rather, there must be some evidence directly germane to
the lesser included offense before an instruction on a lesser-included offense
is required.  Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim.
App. 1997).  However, a charge on a
lesser-included offense is not warranted if a defendant presents evidence that
he committed no offense or presents no evidence, and no evidence otherwise
shows he is guilty only of a lesser-included offense.  Bignall v. State,
887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

            In this case, appellant contends
that he is entitled to an instruction on the lesser- included offense of Class
A theft because the complainant was not an expert and could not testify as to
how much the moon walk depreciated since she purchased it.  Therefore, he argues that the value of the
moon walk was not reasonably ascertainable and is deemed to have a value of
$500 or more but less than $1,500 as provided in section 31.08(c) of the Penal
Code.  See Tex. Pen. Code Ann.
§ 31.08(c) (Vernon
1994).  

            Under section 31.08(a)(1), the value
of stolen property is the fair market value of the property at the time and
place of the offense or, if the fair market value cannot be ascertained, the
cost of replacing the property within a reasonable time after the theft.[3]  Id.  § 31.08(a)(1).  It has long been established that the fair
market value of property is that amount the property would sell for given a
reasonable time to sell it.  Keeton v. State, 803 S.W.2d 304, 305
(Tex. Crim. App. 1991).  

            Furthermore, an owner of property is
competent to testify as to the value of his own property despite his lack of
expert qualification.  Sullivan v. State, 701 S.W.2d 905, 908
(Tex. Crim. App. 1986).  When an owner testifies as to the value of
his own property, we  presume that he is
testifying to an estimation of fair market value.  Id. at
909.  Such testimony constitutes
sufficient evidence for the factfinder to determine
the value based upon the witness’s credibility. 
Id.  To rebut this presumption, it is not
sufficient to merely impeach the witness’s credibility during
cross-examination, rather appellant must offer controverting
evidence as to the value of the property. 
Id.  

            In this case, complainant testified
that she purchased the moon walk for $3,350 about a year earlier.  She further testified that, based on her
knowledge of the business, this purchase price represented a fair market value
for the moon walk.  Complainant also
testified that she was given a special deal because she paid for the moon walk
with a cashier’s check.  Moreover, she
maintained that the value of the moon walk could not be less than $1,500, even
if she were to buy the jumping part of the moon walk without the gloves and the
blower.

            Conversely, appellant did not offer
any evidence controverting complainant’s testimony as
to the moon walk’s value.  Rather, he
claims that, because complainant testified that she was unsure of the moon
walk’s value used, there was some doubt as to the value of the moon walk
requiring an instruction on the lesser-included offense.  However, this argument lacks merit because
merely impeaching complainant’s credibility during cross-examination is
insufficient to rebut the presumption of the fair market value as estimated by
complainant.  See id.  Instead, appellant
must offer controverting evidence to rebut this
presumption.  See id.  

            Because appellant failed to offer
any controverting evidence, the complainant’s
testimony constituted sufficient evidence for the factfinder
to determine that the value of the moon walk was more than $1,500.  There was no evidence from which a jury could
have concluded that the value of the 
moon walk was less than $1,500, and thus no evidence from which a jury
could have found appellant guilty only of the lesser-included offense,
requiring a charge to that effect. 
Therefore, we hold that the trial court did not err in denying
appellant’s request to instruct the jury on the lesser-included offense of
Class A misdemeanor theft.  We overrule
his second point of error. 

 

                 Failure
to Include Definition of when Appropriation is “Unlawful”

            In appellant’s third point of error,
he complains that the trial court erroneously failed to sua sponte include in the jury charge the
definition of when appropriation of property is “unlawful.”  Appellant claims that this error caused him
egregious harm because the jury had to speculate about what behavior
constitutes unlawful appropriation.

            When reviewing charge error, we must
determine whether the jury charge contains error, and whether sufficient harm
resulted from the error to require reversal. 
Mann, 964 S.W.2d at 641.  When an appellant, as in this case, fails to
object to the alleged error at trial, he must show that it caused him egregious
harm to secure a reversal on this ground.[4]  See id.  “Egregious harm” exists when the error was so
harmful as to deny the appellant “a fair and impartial trial.”  Tex.
Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Barrera v. State, 982 S.W.2d 415, 417
(Tex. Crim. App. 1998).  To determine whether appellant suffered
egregious harm, the error must be viewed in light of the entire jury charge,
state of the evidence, argument of counsel, and any other relevant information
revealed by the record as a whole.  Mann, 964 S.W.2d at 641.  Any harm suffered by appellant must be actual
and not merely theoretical.  Dickey v. State, 22 S.W.3d 490, 492
(Tex. Crim. App. 1999).

            To demonstrate error in the charge
at hand, appellant cites us to Reynolds
v. State for the proposition that an indictment, which fails to include one
of the statutory ways in which appropriation can be “lawful,” is fundamentally
defective.  547 S.W.2d 590, 595–96 (Tex. Crim. App. 1977). 
Acknowledging that it is the charge, and not the indictment, at issue in
this case, appellant argues that, based on Reynolds,
the trial court should have sua sponte included a statutory definition specifying when
appropriation is unlawful.  However, the
Court of Criminal Appeals has overruled Reynolds
sub silentio as
it reiterated in Ex parte
Luna, 784 S.W.2d 369, 371–72 (Tex. Crim. App.
1990).  Thus, appellant fails to set
forth any applicable authority in support of his argument that the trial court
erred in failing to define when appropriation is unlawful.

            Furthermore, appellant fails to cite
any caselaw to show how he suffered egregious
harm.  Also, appellant does not point to
any actual harm he suffered nor can we conclude from the record before us that
he was egregiously harmed.  Looking at
the court’s charge, it instructs the jury that “a person commits the offense of
theft if he unlawfully appropriates property with the intent to deprive the
owner of the property.”  The application
paragraph then provides that, if the jury finds that appellant “did then and
there unlawfully appropriate, by acquiring or otherwise exercising control over
the property, namely, one moon walk owned by Charlotte Santana . . . with the
intent to deprive Charlotte Santana of the property,” it will find the
appellant guilty as charged in the indictment. 


            The record further reflects that
during voir dire, the State argued that by showing
that appellant stole complainant’s moon walk, it meant that appellant “didn’t
borrow it, didn’t accidently walk off with the moon
walk.”  The State also provided some
examples of what will constitute a theft. 
One example, a rental scenario, was especially analogous to the case at
hand: If one rents an item from another, but then proceeds to sell it, one
commits theft.  During opening statement,
the State reiterated that appellant commits theft if he rents the moon walk
first but then proceeds to sell it. 
Again at closing argument, the State emphasized that whatever the
specifics of the rental agreement, if appellant attempted to sell the moon walk
after renting it, he would have committed theft.

            Moreover, at trial, both the
complainant and her husband offered uncontroverted
testimony that appellant merely rented the moon walk and that neither
complainant nor her husband gave appellant permission to keep and sell the moon
walk.  The record also reveals Morris’s uncontroverted testimony that appellant attempted to sell
her the moon walk pretending to be the owner of the moon walk and pretending he
was going out of business.  The evidence
presented at trial overwhelmingly shows that appellant sold the moon walk to
Morris without the consent of complainant or her husband.  

            Thus, considering that the Penal
Code provides that appropriation is unlawful when it occurs without the owner’s
effective consent,[5] if
the jury concluded that appellant sold the moon walk to Morris without the
permission of either complainant or her husband, it must have likewise
concluded that appellant unlawfully appropriated the moon walk based on the
evidence at trial.  After reviewing the
jury charge and the evidence in the record before us, we hold that appellant
was not so egregiously harmed that he did not receive a fair and impartial
trial.  Accordingly, we overrule
appellant’s third point of error and affirm the judgment of the trial court.

 

                                                                        /s/        Paul C. Murphy

                                                                                    Senior
Chief Justice

 

Judgment
rendered and Opinion filed July 25,
 2002.

Panel
consists of Justices Hudson, Fowler, and Murphy.[6]

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











                [1]  A moon walk is an inflatable jumping toy operated by a
blower and, in this case, was accessorized with oversized boxing gloves.





                [2]  Before the adoption of the current Penal Code in 1974,
Texas law
provided that an accessory was a person whose participation in an offense
occurred after the offense was committed. 
Reyna v. State, 22 S.W.3d 655,
658 (Tex.
App.—Austin 2000, no pet.).  Thus, older caselaw provided that a receiver of stolen goods was an
accomplice witness because he was deemed an accessory to the theft.  Id. at
659.  However, after the revision of the
Penal Code, an accessory is no longer recognized in Texas as a party
to the offense with which the accused is charged.  Therefore, a receiver of stolen goods, even
though formerly deemed an accessory to the principal theft, is no longer an
accomplice witness.  Id.





                [3]  It is only when the value of property cannot be
reasonably ascertained under subsections (a) and (b) that property is deemed to
have a value of $500 or more but less than $1,500.  Id. at §
31.08(c).  





                [4]  In his brief, appellant concedes that he did not
object to this alleged charge error at trial.





                [5]  Tex. Pen. Code Ann. §
31.03(b)(1) (Vernon 1994).





                [6]  Senior Chief Justice Paul C. Murphy sitting by
assignment.